UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-CV-81357-Marra-Johnson

STEVEN J. PINCUS, individually,

    Plaintiff,

v.

THE LAW OFFICES OF ERSKINE & FLEISHER,
a Florida Partnership, and
MINDY L. TARAN, individually,

    Defendants.
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS THE LAW OFFICES OF ERSKINE & FLEISHER AND MINDY L. TARAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

    COMES NOW, Plaintiff, STEVEN J. PINCUS, by and through his undersigned counsel and pursuant Southern District Local Rule 7.1 (C), Plaintiff files this his Memorandum of Law in Opposition to Defendants The Law Offices of Erskine & Fleisher and Mindy L. Taran's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support [DE 9] and further states as follows:

**INTRODUCTION**

    The Defendants present a laundry list of arguments that Plaintiff has failed to state a claim upon which this Court can grant relief. Among these are that Defendants' actions are not violative of the FDCPA as they were within Florida's five (5) year statute of limitations governing written instruments, Defendants' actions are not violative of the FDCPA as they were within Virginia's five (5) year statute of limitations governing signed, written contracts, Defendants' actions are not violative of the FDCPA as they were within Florida's four (4) year statute of limitations governing claims not based upon a written instruments, Defendants' actions

are not violative of the FDCPA as the statute of limitations is unsettled, and finally that Plaintiff should be required to pursue relief in State Court. Plaintiff addresses each of these below and maintains that all of the aforementioned grounds lack any merit whatsoever.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss, the standard of review is well-settled:

> "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-plead allegations and should view the complaint in a light most favorable to the plaintiff."

*Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993), citing *DeSole v. United States,* 947 F.2d 1169, 1171 (4th Cir. 1991).

A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed. 2nd 80 (1957). Further, the court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as exhibits reference to matters for which judicial notice may be taken, and to documents either in the plaintiff's possession or of which plaintiff had knowledge and relied on in bringing the suit. *Brass v. American Film Tech., Inc.,* 987 F.2d 142, 150 (2nd Cir. 1993). "In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." *Amalgamated Bank of New York v. Marsh,* 823 F.Supp. 209, 215 (S.D. N.Y.1993).

**MEMORANDUM OF LAW**

A.  **Defendants' Application of the Florida Statute of Limitations is Simply Wrong as Florida Courts Have Consistently Held that the Statute of Limitations is *Substantive* in a Choice-of-law Context.**

Defendants' analysis of Florida's five (5) year statute of limitations governing claims founded upon a "written instrument" is wholly irrelevant to the matter before this Court. Defendants' long-winded analysis of Florida Statutes § 95.11(2)(b) is largely immaterial and omits the fact that the state court lawsuit at issue contains a Virginia choice-of-law provision. It is well-settled that a choice-of-law provision applies only to substantive law, not procedural law. *Merkle v. Robinson,* 737 So.2d 540 (Fla. 1999); *Fulton County Adm'r v. Sullivan,* 753 So. 2d 549 (Fla. 1999). Defendants' position that the statute of limitations is procedural (and not substantive) is most baffling. Citing *Brisay v. Goldfield Corp.*, 637 F.2d 680 (9th Cir. 1981), Defendants assert that choice-of-law provisions do not apply to the statutes of limitations and rely upon various Third, Fourth and Ninth Circuit Court cases in a half-hearted attempt to bolster their position. Notably absent from the authorities relied upon by Defendant are any opinions from the Eleventh Circuit. Due to their lack of controlling authority, it is not surprising that Defendants are wrong as it relates to whether the statute of limitations is procedural or substantive in a choice-of-law context. The Eleventh Circuit in *Maxcess, Inc. v. Lucent Technologies, Inc*., 433 F.3d 1337 (11th Cir. 2005) applied Florida law in upholding a choice of law provision in a contract. The Court held that under Florida law, courts will enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy. Recently, in *Gaisser v. Portfolio Recovery Associates*, 2008 WL 3824746 (S.D. Fla. August 5, 2008), U.S. District Judge Cecilia Altonaga ruled that the statute of limitations of the parties' chosen forum will apply where there exists a contractual choice-of-law provision. Furthermore, the Florida

Supreme Court, in addressing a situation where the parties agreed to a choice-of-law provision which selected the laws of Michigan to control stated in *Burroughs Corp. v. Suntogs of Miami, Inc.*, 472 So.2d 1166 (Fla. 1985), "the contractual provision shortening the period of time for filing a suit was not contrary to a strong public policy." Id. at 1169.  In a similar case in which the defendants argued that Florida's statute of limitations should apply notwithstanding the choice-of-law provision selecting Delaware law, the Middle District of Florida stated, "[a]bsent an argument by Defendants that Delaware law contravenes strong public policy of Florida, Delaware law applies to substantive matters, including the statute of limitations." *McCorriston v. L.W.T., Inc.*, 536 F.Supp.2d 1268, 1275 (M.D.Fla. 2008).  The Court concluded, "Defendants have made no such public policy argument.  Accordingly, Delaware's statute of limitations applies." *Id.* at 1275.  The Florida Supreme Court cases, as well as the Southern and Middle District of Florida cases, are on point as applied to this statute of limitations issue. The parties chose Virginia law to apply.  Because the statute of limitations is a substantive issue, Virginia's three-year statute of limitations should apply.  While interesting, Defendants' survey of Courts outside the Eleventh Circuit has no bearing upon the matter before this Court.  The issue has been revisited on several occasions and resolved by both the Florida Supreme Court and the Eleventh Circuit in support of Plaintiff's position.

**B.     Defendants' Cause of Action in the State Court Lawsuit does *not* Fall Under the Virginia Statute Governing Signed, Written Contracts.**

Defendants' argument that the state court lawsuit was subject to Virginia's five (5) year statute of limitations under Va. Code § 8.01-246(2), belies more than one hundred years of jurisprudence in the Commonwealth of Virginia.  In order for a cause of action to fall under the aforementioned statue, the document at issue must be "in writing and <u>signed</u> by the party to be charged…"  Va. Code § 8.01-246(2) (emphasis added).  Defendants attempt to characterize

4

Plaintiff's reliance upon Virginia's three (3) year statue of limitations as enumerated in Va. Code § 8.01-246(4) as an effort to "cherry-pick" or "having his cake and eating it too" is misplaced. Although Plaintiff is without any clever food-related idioms, his position has been consistently supported by the Courts in Virginia for more than one hundred years. In *Newport News Hampton & Old Point Dev. Co. v. Newport News Street Ry. Co.,* 32 S.E. 789, 790 (Va. 1899), the Court held that although the document at issue was a written contract for Statue of Frauds purposes, it failed as a "complete and concluded agreement between the parties" for Statute of Limitations purposes. *Id.* This concept was repeated more succinctly in the case of *Marley Mouldings, Inc. v. Suyat*, 970 F. Supp. 496 (W.D.Va. 1997). In *Marley Mouldings*, 970 F.Supp at 498-499, the Court held:

> [Plaintiff] argues that it would be inconsistent to apply more stringent requirements to satisfy the writing requirement of the statute of limitations than those required to satisfy the statute of frauds. However, it cites no authority for departing from the plain language of the Virginia Supreme Court in its holding in *Newport*. The differing standards for writing requirements under the statute of frauds and the statute of limitations can be justified by the different aspirations of the two statutes.
>
> [Statute of limitations] are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them".... Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.
>
> *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965) (citations omitted). Whereas, the statute of frauds' primary objective is to prevent fraud in setting up pretended agreements and then supporting them with perjury. *Reynolds v. Dixon,* 187 Va. 101, 46 S.E.2d 6 (1948); *Plunkett v. Bryant,* 101 Va. 814, 45 S.E. 742 (1903).
>
> The Virginia legislature's reasoning for providing a longer statute of limitations for breaches of written contracts than for breaches of oral contracts is obvious.

> When a contract is written, it is the language of the contract itself which governs, and the effect of lost evidence, faded memories, and missing witnesses is less prejudicial to the adjudication of the claim than where parol evidence, memories, and witness will be relied upon to determine the actual terms of an oral contract. Under the policy supporting the statute of limitations, the very terms and content of the writing are significant because the more that is written the less the court must rely on external evidence which deteriorates with time. Under the policy supporting the statute of frauds, it is just the fact that a writing exists, providing evidence that there was in fact some type of agreement, that is significant. Therefore, it is logical that the requirements to satisfy the statute of limitations writing requirement are more stringent than those required by the statute of frauds

In *Digital Support Corp. v. Avery*, 49 Va. Cir. 324, 1999 WL 796745 (Va.Cir.Ct. 1999) (Not Reported in S.E.2d), the issue of whether a signed receipt would constitute a written contract or a memorialization of a prior oral contract was addressed by the Court. The Court in *Digital Support* stated:

> **The parties could have easily drafted a document which would have constituted a written contract, but they did not.** Thus, the writings are merely receipts which memorialize the oral contract but do not merge it into a written contract.

*Id.* (emphasis added). The facts in *Digital Support* are most analogous to the matter before this Honorable Court. In the instant matter, Capital One Bank certainly could have required Defendant to sign a written contract which contained the names of the parties, the credit limit, the interest rate, the amount charged, the dates of repayment, and duration of the agreement. However, Capital One Bank consciously chose not to do so. The cardholder agreement never reflected a completed and concluded agreement as required under the *Newport News* standard. Furthermore, in direct contrast to the statutory requirements of Virginia Code § 8.01-246(2), the cardholder agreement does not even contain a space for Defendant's signature.

Most recently, the Fourth Circuit in Virginia in *Laios v. Wasylik*, 564 F.Supp.2d 538 (E.D. Va. August 2, 2008) examined whether a written letter describing the legal representation

of Laios by Wasylik could constitute a written contract for Statute of Limitations purposes. In addressing this issue, Judge Gerald Bruce Lee firmly and concisely held that:

> The Court finds that the letter sent from Wasylik to Loots **did not bear Wasylik's signature**. Just as *Richmond Standard Steel Spike & Iron Co.* [160 F. 832, 834 (4th Cir.1908)] held, this Court finds that **the typewritten name** "Mike Wasylik" **is not the equivalent of [Defendant's] signature**. Thus, the letter was not signed by the party to be charged…. Similar to *Digital Support Corp. v. Avery,* the letter did not merge the oral contract into a written contract. The letter from Wasylik to Loots, if anything, only memorialized the terms of Laios and Wasylik's oral contract.

*Id.* (emphasis added). In the entire history of jurisprudence in the Commonwealth of Virginia, there is not a single case holding a document to be written contract for Statute of Limitations purposes absent the signature of the party to be charged on the purported written contract.

**C.      Defendants' are Again Attempting to Disavow their own Choice-of-law Provision.**

In an attempt to recast their earlier argument that this Court should apply Florida's five (5) year statute of limitations governing written instruments, Defendants now argue that the state court lawsuit was subject to Florida's four (4) year statue of limitations governing instruments not in writing. By positing this somewhat contradictory argument, Defendants are in effect attempting to disavow the choice-of-law provision contained in the cardholder agreement, which they attached to the state court lawsuit. As previously stated, "Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms v. E. I. Dupont*, 761 So.2d 306, 311 (Fla. 2000). "Moreover, it is incumbent upon the party seeking to avoid enforcement of the provision to show that the foreign law contravenes public policy of the forum jurisdiction." *Id.* citing *Udelhomme Indus., Inc. v. Houston Beechcraft, Inc.*, 669 F.2d 1049, 1059 (5th Cir. 1982) ("A choice of law provision in a contract is presumed valid until it is proved invalid. The party who seeks to prove such a provision invalid because it violates public policy bears the burden of proof.")

7

Though apparently no Florida appellate level court has addressed this specific issue, the Florida trial courts uniformly apply the choice-of-law state's statute of limitations. The following are collection actions almost identical to the subject state court case, where the underlying contract contained a choice-of-law provision: (1) *Capital One Bank v. Gelsey*, 15 Fla. L. Weekly Supp. 64a (Fla. Duval Co. Ct. 2007); (2) *Capital One Bank v. Harvey-Chambliss*, 16 Fla. L. Weekly Supp. 177a (Fla. Duval Co. Ct. 2008); (3) *Capital One Bank v. Gregorich*, 16 Fla. L. Weekly Supp. 96a (Fla. Miami-Dade Co. Ct. 2008); (4) *Capital One Bank v. Gavarette*, 15 Fla. L. Weekly Supp. 923a (Fla. Miami-Dade Co. Ct. 2008); (5) *Capital One Bank v. Reid*, 15 Fla. L. Weekly Supp. 1198b (Fla. Miami-Dade Co. Ct. 2008); and (6) *Capital One Bank v. Cuellar*, 15 Fla. L. Weekly Supp. 1116b (Fla. Hillsborough Co. Ct. 2008).  (Attached hereto as Plaintiff's "Exhibit A 1-6")  In each of the aforementioned Florida County Court cases, the respective trial Judges consistently applied Virginia's three (3) year statute of limitations instead of Florida law. On this basis, Plaintiff maintains that this Court should follow the Florida state courts' lead on this state law question of contract interpretation and applicability and find that Virginia's statute of limitations rightly applies.

**D.      The Bona Fide Error Defense is Inappropriate for a Motion to Dismiss.**

Defendant's reliance upon *Simmons v. Miller*, 970 F.Supp. 661 (S.D. Ind. 1997) is misplaced.  Unlike the present matter, the *Simmons* decision was entered upon a Motion for Summary Judgment, not a Motion to Dismiss.  The Court in Simmons opined that it was unclear whether the Defendant had filed a time-barred debt whereas in the instant matter, the Palm Beach County Court ruled that Capital One Bank's lawsuit was in fact time-barred and entered a Final Judgment in favor of Steven J. Pincus on December 22, 2008. (Attached hereto as Plaintiff's "Exhibit B").  Essentially, Defendants are asserting a bona fide error defense. This defense

however requires discovery and cannot be decided without factual support outside the pleadings. For example, Defendants state they acted "on a good faith belief." This statement is clearly outside the pleadings and is not properly argued in a motion to dismiss. *Int'l Marine Research Inst., Inc. v. Rumpel,* 434 F.Supp.2d 1304, 1310 (M.D.Fla. 2006). In the present matter, no discovery has been completed; written and oral discovery is needed to respond to Defendants' apparently asserted bona fide error defense. Under the FDCPA "bona fide error" is an affirmative defense, for which the Defendants bear the burden of proving <u>at trial</u>. *Fox v. Citicorp Credit Servs.*, 15 F. 3d 1507, 1514 (9th Cir. 1994) (emphasis added). Although 15 U.S.C. § 1692k(c) provides: that "[a] debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," this narrow exemption provides complete immunity to a debt collector's violation of the FDCPA only where the debt collector carries the burden of proof of each element of the defense. See *Fair Housing Advocates Assoc., Inc. v. City of Richmond Heights, Ohio,* 209 F.3d 626, 634-635 (6th Cir. 2000) (party claiming exemption from statutory liability has burden of proof to all elements of exemption). The overwhelming majority of rulings by this Court have recognized that Defendant's alleged absolute defense of "reliance upon client's representations" is actually an attempt to utilize the "bona fide error" defense of 15 USC § 1692k(c)**,** which requires proof of policies and procedures that make it inappropriate to support a Motion to Dismiss for failure to state a cause of action.

**E.     Plaintiff is not Required to Pursue Relief in State Court.**

Defendants' final argument is that Plaintiff should be relegated to pursuing relief in State Court. This position goes against the spirit of the FDCPA. With respect to the "Congressional

9

findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692(b): "Inadequacy of laws - Existing laws and procedures for redressing these injuries are inadequate to protect consumers."  The actions of Defendants are exactly the sort of abuses that the FDCPA intended to curb.  Defendants' suggestion that Steven J. Pincus should be forced to incur additional attorney's fees to defend what has already ruled as being time-barred would lead to an absurd result.  Mr. Pincus has already become indebted to the undersigned counsel for "hundreds of hours in attorney's fees" (See Plaintiff's "Complaint" – Paragraph 22) in the defense of the Defendants' mindless pursuit of an $803.95 dollars time-barred debt.  Defendants' prayer for dismissal (or stay) are founded in desperation and are contrary to the legislative intent of the FDCPA.  Furthermore, it is well-settled law that the filing of a time-barred lawsuit is a violation of the FDCPA. See *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D. Ala. 1987) (Holding letters merely threatening to sue on a time-barred claim are "fraudulent" because a debt collector cannot "legally prevail in such a lawsuit"); *Hamid v. Blatt, Hasenmiller, Leibsker, Moore & Pellettieri*, 2001 U.S. Dist. LEXIS 13918 (N.D. Ill. Aug. 31, 2001) (Filing suit on a time-barred debt is a FDCPA violation); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613 (N.D. Ill. 2001) (Filing suit on a time-barred debt is a FDCPA violation); *Spencer v. Hendersen-Webb*, 81 F. Supp. 2d 582 (D. Md. 1999) (Representing that the debt could be collected for twelve years when it subject to a three-year statute of limitations violated F.D.C.P.A., specifically §§ 1692e(2)(A) and 1692f(1)); *Perretta v. Capital Acquisitions & Mgmt. Co.*, 2003 WL 21383757 (N.D. Cal. May 5, 2003) (As a mater of law, the threat to "take further steps" on a time-barred states a claim for is a threat to file suit and, as such, violates the FDCPA).  In sum, it is well within the jurisdiction of this Honorable Court to determine whether in fact Defendants' actions violated the FDCPA.

## CONCLUSION

For the reasons discussed above, Defendants The Law Offices of Erskine & Fleisher and Mindy L. Taran's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support [DE 9] should be denied.

Respectfully submitted,

/s/Scott D. Owens
**SCOTT D. OWENS, ESQ.**
Florida Bar No.: 0597651
MENINA E. COHEN, ESQ.
Florida Bar No.: 014236
**COHEN & OWENS, P.A.**
Attorney for Plaintiff
3801 Hollywood Boulevard
Suite 200
Hollywood, Florida 33021
Phone 954-923-3801
Fax 954-967-2791

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on (date), I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this 20th day of February on Michelle T. Bell, Esq., MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, Attorney for Defendants, 1 East Broward Boulevard, Suite 500, Fort Lauderdale, FL 33301, mtbell@mdwcg.com, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Scott D. Owens
**SCOTT D. OWENS, ESQ.**
Florida Bar No.: 0597651
MENINA E. COHEN, ESQ.
Florida Bar No.: 014236
**COHEN & OWENS, P.A.**
Attorney for Plaintiff
3801 Hollywood Boulevard
Suite 200
Hollywood, Florida 33021
Phone 954-923-3801
Fax 954-967-2791