15 Fla. L. Weekly Supp. 64a

**Contracts -- Credit card agreement -- Plaintiff has failed to attach requisite documents to statement of claim to support breach of contract claim where attachments contain inconsistencies and ambiguities -- Account stated -- Although plaintiff has alleged that there was agreement between parties as to account balance, attachments do not support allegation -- Quantum meruit claim is not available where there is written contract -- Limitation of actions -- Where credit card agreement provides that Virginia law shall govern, relevant statute of limitations for each claim is two or three years, and case was filed in excess of three years from last account activity, all claims are barred -- Virginia statute of limitations is applicable where plaintiff drafted choice of law provision in contract and cannot now meet burden to show that Virginia statute contravenes strong public policy so as to avoid enforcement of provision**

CAPITAL ONE BANK, Plaintiff, vs. ROSA L. GELSEY, Defendant. County Court, 4th Judicial Circuit in and for Duval County. Case No. 16-2006-SC-000882-XXXX-MA, Division N. July 3, 2007. Gary Flower, Judge. Counsel: Jessica Most, for Plaintiff. Lynn Drysdale, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION TO*

*DISMISS PLAINTIFF'S STATEMENT OF CLAIM*

This matter came before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Statement of Claim. Defendant's motion to dismiss is based upon Plaintiff's failure to state a cause of action and the Plaintiff's failure to file this case within the applicable Statute of Limitations time period. The Court having heard argument of counsel for the Plaintiff and Defendant, having reviewed the file and being otherwise sufficiently advised in the premises, finds as follows:

1. In its Amended Statement of Claim, Plaintiff seeks damages based upon the following theories: 1) Breach of Contract, 2) Account Stated and 3) Quantum Meruit. Attached to the Amended Statement of Claim are the following documents:

> a) A MasterCard document entitled "30 Second Acceptance Certificate" signed by Defendant on May 20, 2000. This document does not contain a reference to Plaintiff, Capital One.

> b) A three page undated, unsigned Capital One "Customer Agreement" with a copyright date of 2002. This document does not contain a reference to MasterCard.

> c) The Capital One "Customer Agreement" contains a choice of law provision which reads "Applicable law. This Agreement will be governed by Virginia law and federal law."

> d) A consecutive series of Capital One billing statements beginning on May 28, 2000 to June 27, 2003.

> e) These statements reflect use of the card which is the subject of the statements ("subject card") from June 9, 2000 to December 21, 2000.

> f) The total of purchases over this time was $604.20 and total payments over this time $490.50. As of December 27, 2000 the outstanding balance was $247.77.

**EXHIBIT A-1**

g) During this time membership fees, past due fees and payment protection fees amounted to $118.88.

h) From December 22, 2000 until the last payment was made on November 11, 2002, payments in the amount of $980.00 were received.

i) Although the card was not being used after December 21, 2000, the balance increased from $247.77 to $1,193.60, the amounts sought by Plaintiff in the Amended Statement of Claim.

j) From December 22, 2000 until June 27, 2003, Plaintiff unilaterally assessed to the account $1,391.50 in payment protection, past due and over the limit fees; and

k) The last partial document attached to the Amended Complaint was an untitled, undated and unsigned 2002 Capital One Services, Inc., document.

2. Plaintiff filed this action on February 10, 2006. Plaintiff alleges the last use of the subject credit card occurred on June 28, 2003. This allegation is inconsistent with the documents attached to the complaint which provide that the card was last used on December 21, 2000 and the last payment was received on November 11, 2002.

3. The "last use" allegation setting the date of last use at June 28, 2003 is also inconsistent with Plaintiff's argument contained in its October 13, 2006 Memorandum in Opposition to Defendant's Motion to Dismiss. In its memorandum, Plaintiff claimed it only used the 2002 "Customer Agreement" because this is the date the account was "charged off."

4. On or about June 15, 2006, Plaintiff filed a "Notice of Filing" which included documents entitled "Capital One Bank Billing Rights Information" and "Capital One Advertising Information" all referencing a person named Kip Parch from Richmond, Virginia.

5. The documents attached to the Amended Statement of Claim contain many inconsistences and ambiguities. For example the MasterCard "30 Second Acceptance Certificate" containing Ms. Gelsey's signature is dated May, 2000 and does not contain a reference to Plaintiff. The generic, unsigned and undated "Customer Agreement" document does not reference Ms. Gelsey or MasterCard. Also, Plaintiff alleges that the last use of the card was on June 28, 2003 when the statements provide that the last customer use of the card was on December 21, 2000. When attachments conflict with allegations of the complaint they cancel each other out. *Fladell v. Palm Beach County Canvassing Board*, 772 So.2d 1240 (Fla. 2000).

6. *Fla.Sm.Cl.R.* 7.050(a) provides that a case shall be commenced by filing a

> Statement of Claim. -- Actions are commenced by the filing of a statement of claim in concise form, which shall inform the Defendant of the basis and the amount of the claim. If the claim is based on a written document, a copy or the material part thereof shall be attached to the statement of claim.

*See also Safeco, Inc. Co. v. Ware*, 401 So.2d 1129, 1130 (Fla. 4th DCA 1981); *Capital One Bank v. Jean C. Miller*, 14 Fla. L. Weekly Supp. 585 (County Court, Florida Fourth Judicial District, Duval County, Florida, 2006); *Worldwide Asset Purchasing, LLC v. Johnson*, County Court, Florida Fourth Judicial Circuit, Duval County, Florida signed by Judge Kevin A. Blazs on April 2, 2007 [14 Fla. L.

Weekly Supp. 687d]; *Capital One Bank, Inc. v. Donna M. Carncross,* County Court, Florida Fourth Judicial District, Clay County, Florida, signed March 9, 2007, the Honorable Richard R. Townsend; and *Capital One Bank, Inc. v. Evelyn B. Hayward,* County Court, Florida Fourth Judicial District, Clay County, Florida, signed March 9, 2007, the Honorable Richard R. Townsend [14 Fla. L. Weekly Supp. 481a]; *Palisades Acquisition V LLC v. Cleveland Davis,* 13 Fla. L. Weekly Supp. 159a (County Court, Florida Fourth Judicial District, Duval County, Florida, 2005). Plaintiff has failed to attach the requisite documents to its Amended Complaint.

7. Florida Rules of Civil Procedure Form 1.933, *Fla.R.Civ.P.* requires Plaintiff to attach "A copy of the account showing items, time of accrual of each and amount of each. . . ." when pursuing an Account Stated claim. Plaintiff is also required to allege there was an agreement between the parties as to the balance of the account. *See Mercado v. Lion's Enterprises, Inc.,* 800 So.2d 753 (Fla. 5th DCA 2001) (For an account stated to exist there must be an agreement between the parties that a certain balance is correct and due and an express or implied promise to pay this balance), *Merrill-Stevens Dry Dock Company v. "Corniche Express",* 400 So.2d 1286 (Fla. 3rd DCA 1981) (judgment for defendant where there was a dispute as to the performance, the value and whether the services, if performed, were authorized). Although Plaintiff has alleged there was an agreement, the documents attached to the Amended Complaint do not support this allegation.

8. Quantum Meruit claims are not available when there is a written contract. *See May v. Sessums & Mason, P.A.,* 700 So.2d 22 (Fla. 2d DCA 1997) (Quantum meruit relief is founded upon the legal fiction of an implied contract. This fiction cannot be maintained, however, when the rights of the parties are described in a written contract.) and *Corn v. Salvador Greco,* 694 So.2d 833 (Fla. 2d DCA 1997).

9. Plaintiff included a "choice of law" provision in the document entitled "Customer Agreement" which is attached to its Amended Complaint. This clause provides that Virginia law shall govern the parties' agreement. Pursuant to this provision this Court will apply Virginia law concerning the applicable statute of limitations to this case.

10. *Virginia Code* Section §8.01-246(2) provides

> In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, within five years whether such writing be under seal or not;

*Virginia Code* Section §8.01-246(4) provides in pertinent part

> In actions based upon any unwritten contract, express or implied, within three years.

*Virginia Code* Section §8.01-248 provides

> Every personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued.

11. Count One of Plaintiff's Amended Statement of Claim entitled "Breach of Contract" is governed by Virginia's three year statute of limitations. *See Virginia Code* Section §8.01-246(4). Virginia law provides that the statute of limitations is five years for a written contract signed by both parties,[1] however, in order to fall within this category a contract must show "mutual assent between the parties as to all material terms of the deal" and "the terms and conditions of a contract must be 'reasonably'

certain." *See Union Labor Life Insurance Company v. The Sheet Metal Workers National Health Plan*, 1991 U.S. 13613 (D.C. Dist. 1991) (court dismissed breach of contract claim for failure to state a cause of action and applied the three year statute of limitations for quantum meruit and unjust enrichment claims), *ARCD Corporation v. Hogan*, 656 So.2d 1371 (Fla. 4th DCA 1995) (Florida courts apply the statute of limitations for unwritten contract where the "written instrument is 'a link in the chain of evidence to prove the cause of action' but does not on its face establish all of the elements of plaintiff's claim."). *See also Portfolio Recovery Associates, LLC v. Fernandes*, 13 Fla. L. Weekly Supp. 560a (Circuit Court, 15th Judicial Circuit (Appellate) in and for Palm Beach County, Florida) (the Cardholder Account and Security Agreement alone introduced at trial would not be enough to establish liability and the action is not founded on a written instrument for purposes of the statutes of limitations).

12. Based upon the documents attached to Plaintiff's Amended Statement of Claims the subject contract, at best, was not a written contract signed by both parties as is contemplated by *Virginia Code* Section §8.01-246(2) as the Plaintiff has not attached a sufficiently complete and signed "written document" for purposes of the five year statute of limitations. Therefore, the relevant statute of limitations for Plaintiff's Breach of Contract claim is three years. *See Virginia Code* Section §8.01-246(4).

13. Count Two of Plaintiff's Amended Statement of Claim is entitled "Account Stated" and is governed by either Virginia's three year statute of limitations contained in *Virginia Code* Section §8.01-246(4) or the lesser two year statute of limitations because it is not a claim founded on a signed, written agreement as is provided above. *See Virginia Code* Section §8.01-248.

14. Count Three of Plaintiff's Amended Statement of Claim is entitled "Quantum Meruit" and is governed by Virginia's two year statute of limitations. *See Virginia Code* Section §8.01-248. *See also Tao of Systems Integration, Inc. v. Analytical Services & Materials, Inc.*, 299 F.Supp. 2d 563 (E.D. Va. 2004); *Union Labor, supra and Portfolio, supra*.

15. Plaintiff filed this case in excess of three years from the last activity. Therefore all of Plaintiff's claims are barred by the applicable statute of limitations.

16. Plaintiff relies upon *Strauss v. Sillin*, 393 So.2d 1205 (Fla. 2nd DCA 1981), *Shaps v. Provident Life & Accident Insurance Company*, 826 So.2d 250 (Fla. 2002) and *RMT Tech, Inc. v. TDY Industries, Inc.*, 64 Fed.Appx. 853 (4th Cir. 2003) to support its position that the determination of the appropriate statute of limitations is a procedural question which must be decided by Florida law. Each of these cases is distinguishable from the instant case.

17. In *Strauss*, the Second District Court of Appeal held the statute of limitations determination was a question of a procedural nature and, therefore, the law of the forum state applies. There was no choice of law provision in the *Strauss* agreement which distinguishes it from the instant case.

18. The Florida Supreme Court in *Shaps* addressed the question of which state's burden of proof applied and held this was a procedural question governed by the law of the forum state. The *Shaps* Court recognized that "Under Florida's conflicts of law rules, the doctrine of *lex loci contractus* directs that, *in the absence of a contractual provision specifying governing law*, a contract, other than one for performance of services, is governed by law of the state in which the contract is made." (Emphasis provided). *Shaps*, 826 So.2d at 254. Therefore, the *Shaps* decision supports the instant Defendant's position that the Virginia statute of limitations applies to this action.

19. In *RMT Tech*, the Fourth Circuit Court of Appeal held pursuant to Virginia law the determination of the applicable statute of limitations is a procedural question and governed by Virginia law even when

the parties contract to have the laws of another state apply to litigation. Therefore, if the parties contract to apply Virginia law, the Virginia courts have determined this is a procedural question to be determined by Virginia law. Therefore, pursuant to the *RMT Tech* decision, Virginia law applies to the instant case.

20. The Eleventh Circuit *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337 (11th Cir. 2005) applied Florida law in upholding a choice of law provision in a contract. The Court held under Florida law courts will enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy. The Florida Supreme Court in *Mazzoni Farms, Inc. v. E.I. Dupont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000) upheld a choice of law provision which released the defendant from all claims, including fraud claims. The Supreme Court held "while we both recognize and reaffirm Florida's policy disfavoring fraudulent conduct, we are mindful of the rigorous standard employed in determining whether to invalidate choice-of-law provisions. Accordingly, we hold that enforcement of the choice-of-law provision is not so obnoxious to Florida public policy as to render it unenforceable." The Court also placed the burden on party seeking to avoid enforcement of the choice of law provision to show that the foreign law contravenes public policy of the forum jurisdiction. *See also Burroughs Corp. v. Suntogs of Miami, Inc.*, 472 So. 2d 1166, 1167-69 (Fla. 1985) (contractual provision shortening the period of time for filing a suit was not contrary to a strong public policy); *Credigy Receivables, Inc. v. Hinte*, Circuit Court, Florida Fourth Judicial Circuit, Duval County, Florida signed by Judge Charles W. Arnold, Jr. on November 8, 2007.

21. Plaintiff drafted the subject contract containing the choice-of-law provision and now cannot meet the burden required to avoid enforcement of this provision. Therefore, this Court finds this action was not timely filed and is barred.

It is therefore,

ORDERED AND ADJUDGED:

A. Defendant's Motion to Dismiss for Plaintiff's failure to timely file this case is granted and Plaintiff's Amended Statement of Claim is granted with prejudice.

B. This Court shall not rule upon Defendant's other grounds for dismissal.

---

[1] *Virginia Code* Section §8.01-246(2).

\* \* \*