16 Fla. L. Weekly Supp. 177a

Online Reference: FLWSUPP 162CAPIT

**Contracts -- Credit card agreement -- Limitation of actions -- Under choice-of-law provision, Virginia statute of limitations applies to dispute between credit card company and cardholder -- Two-year limitations period for oral contracts applies to count alleging breach of contract where documents attached to complaint, including customer agreement and two bills, did not show on their face a "complete and concluded agreement between the parties" -- Count asserting either claim for unjust enrichment or quantum meruit, or claim based upon an unwritten contract is likewise time-barred by applicable statutes of limitation -- Motion to dismiss granted**

CAPITAL ONE BANK, Plaintiff, vs. JANICE G. HARVEY-CHAMBLIS a/k/a JANICE CHAMBLISS, Defendant. County Court, 4th Judicial Circuit in and for Duval County. Case No. 2007-SC-7012-XXXX-MA, Division B. November 24, 2008. Roberto A. Arias, Judge. Counsel: Brian M. Bilodeau, for Plaintiff. Lynn Drysdale, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION TO*

*DISMISS PLAINTIFF'S AMENDED STATEMENT OF CLAIM*

This matter came before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Statement of Claim. Defendant's motion to dismiss is based upon Plaintiff's failure to state a cause of action and the Plaintiff's failure to file this case within the applicable Statute of Limitations time period. The Court having heard argument of counsel for the Plaintiff and Defendant, having reviewed the file and being otherwise sufficiently advised in the premises, finds as follows:

1. In Count One of its Amended Statement of Claim, Plaintiff seeks sums for breach of a credit card agreement and in Count Two Plaintiff seeks sums for unjust enrichment.

2. Plaintiff alleges the last credit card payment was made on November 5, 2003. Therefore the default took place in December, 2003.

3. Attached to Plaintiff's Amended Statement of Claim are the following documents:

   a) An unsigned and generic "Customer Agreement";

   b) Two Capital One statements for April 8, 2004 through May 7, 2004 and for May 8, 2004 through June 7, 2004 neither of which showed payments on the account.

4. The Customer Agreement attached to the Amended Statement of Claim contains a choice of law provision which reads "Applicable Law: This agreement will be governed by Virginia and federal law."

5. *Virginia Code* Section §8.01-246(2) provides

   In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, within five years whether such writing be under seal or not"

*Virginia Code* Section §8.01-246(4) provides in pertinent part

**EXHIBIT A-2**

http://www.floridalawweekly.com/newsystem/showfile.php?fromsearch=1&

"In actions based upon any unwritten contract, express or implied, within three years" and

*Virginia Code* Section §8.01-248 provides

> Every personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued.

6. A choice of law provision applies only to substantive law, not procedural law. *Merkle v. Robinson*, 737 So.2d 540 (Fla. 1999). Florida Courts will apply the substantive law of the state set forth in a choice of law provision and Florida procedural law.

7. The Eleventh Circuit in *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337 (11th Cir. 2005) applied Florida law in upholding a choice of law provision in a contract. The Court held under Florida law courts will enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy. The Florida Supreme Court in *Mazzoni Farms, Inc. v. E.I. Dupont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000) upheld a choice of law provision which released the defendant from all claims, including fraud claims. The Supreme Court held

> while we both recognize and reaffirm Florida's policy disfavoring fraudulent conduct, we are mindful of the rigorous standard employed in determining whether to invalidate choice-of-law provisions. Accordingly, we hold that enforcement of the choice-of-law provision is not so obnoxious to Florida public policy as to render it unenforceable."

The Court also placed the burden on party seeking to avoid enforcement of the choice of law provision to show that the foreign law contravenes public policy of the forum jurisdiction. *See also Burroughs Corp. v. Suntogs of Miami, Inc.*, 472 So. 2d 1166, 1167-69 (Fla. 1985) (contractual provision shortening the period of time for filing a suit was not contrary to a strong public policy); *Walls v. Quick & Reilly, Inc.*, 824 So.2d 1016, at 1018 (Fla. 5th DCA 2002) (finding New York law applied where a brokerage agreement stated "the law of the State of New York" governed); *Western Group Nurseries, Inc. v. Ergas*, 211 F.Supp.2d 1362 (S.D. Fla. 2002); *Credigy Receivables, Inc. v. Hinte* (Circuit Court, Florida Fourth Judicial Circuit, Duval County, Florida, the Honorable Judge Charles W. Arnold, Jr. November 8, 2007).

8. This Court must apply Virginia law to its statute of limitations analysis.

9. Count One of Plaintiff's Amended Statement of Claim is not labeled, however, it seems to be a claim for breach of contract. The Court must determine whether the contract is sufficiently "written" for purposes of determining which of the Virginia statute of limitations laws to apply. In order for the "Customer Agreement" and two bills to comply with the writing requirement of the Virginia five year statute of limitations law, they would have to show on their face a "complete and concluded agreement between the parties." *Newport News, Hampton and Old Point Development Company v. Newport News, Street Railway Company*, 32 S.E. 789 (Va. 1899); *Marley Mouldings, Inc. v. Suyat*, 970 F.Supp. 496 (W.D. Va. 1997); *In re: Nelco, Ltd*, 264 Bankr. E.D.Va. 1999); *Capital One Bank v. Gelsey*, 15 Fla. L. Weekly Supp. 64a (County Court, Duval County, Fourth Judicial Circuit, 2007) and *Capital One Bank v. Reinhold*, 15 Fla. L. Weekly Supp. 933a (County Court, Bay County, Fourteenth Judicial Circuit, 2008) (upholding a Virginia choice of law provision in a generic, undated cardholder agreements finding the documents attached were at best "a link in the chain of evidence to prove the cause of action but does not on its face establish all of the elements of plaintiff's claim" and because the writing "does not set forth a complete agreement between the parties").

10. None of the documents attached to Plaintiff's Amended Statement of Claim show on their face a complete and concluded agreement between the parties. They fail to set out the interest rate agreed upon throughout the tenure of this transaction which Plaintiff alleges began in 2001, the credit limits and the documents contain no party signatures. The Customer Agreement also makes several references to other documents including but not limited to the sections concerning finance charges and changes in terms.

11. Consistently, under Florida law the documents attached to the Amended Statement of Claim are not sufficiently "written" for purposes of the statute of limitations. In *ARCD Corporation v. Hogan,* 656 So.2d 1371 (Fla. 4th DCA 1995) the Court held that Florida courts apply the statute of limitations for an unwritten contract where the "written instrument is 'a link in the chain of evidence to prove the cause of action' but does not on its face establish all of the elements of plaintiff's claim." The Court in *Portfolio Recovery Associates, LLC v. Fernandes,* 13 Fla. L. Weekly Supp. 506a (Circuit Court, 15th Judicial Circuit (Appellate) in and for Palm Beach County, Florida) also found

> If evidence of liability is partially in writing but the writings are incomplete to establish liability, then the contract is regarded as oral for statute of limitation.

The Court reasoned

> ...(S)tatute of limitations are designed to prevent undue delay in bringing suit on claim and to suppress fraudulent and stale claims from being asserted, to the surprise of parties or their representatives, when all the proper vouchers and evidence are lost, or the facts have become obscure from the lapse of time or the defective memory or death or removal of [a] witness" citing *Foremost Properties, Inc. v. Gladman,* 100 So.2d 669 (Fla. 1st DCA 1958), *cert den.* 102 So.2d 728 (Fla. 1958). A review of the statute shows, consistent with common sense, that those actions on which proof is less likely to deteriorate over time are subject to longer limitation periods; those actions on which proof is more likely to deteriorate because of faulty memory or otherwise are subject of shorter limitations periods.

*See also Capital One Bank v. Sawyer,* 15 Fla. L. Weekly Supp. 170a (County Court, Duval County, Fourth Judicial Circuit, 2008) (upholding a Virginia choice of law provision in a generic, undated cardholder agreement finding the document "does not on its face establish all of the elements of the Plaintiff's claim.")

12. The federal Truth in Lending Act provides that no credit card shall be issued to any person except in response to a request or application for a credit card. 15 U.S.C. §1642. Also, 15 U.S.C. 1637(a) requires a creditor to disclose rates, fees and other cost information in applications and solicitations to open credit card accounts before opening any account under an open end consumer credit plan.

13. Count Two of Plaintiff's Complaint is also untitled, however, is either a claim based upon an equitable unjust enrichment or quantum meriut claim or a claim based upon an unwritten contract and is governed by Virginia's two or three year statute of limitations. *See Union Labor Life Insurance Company v. The Sheet Metal Workers National Health Plan,* 1991 U.S. Lexis 13613 (D.C. Dist. 1991) (court dismissed breach of contract claim for failure to state a cause of action and applied the three year statute of limitations for unwritten contracts and equitable claims); *Tao of Systems Integration, Inc. v. Analytical Services & Materials, Inc.,* 299 F.Supp. 2d 565 (E.D. Va. 2004), (equitable claim for unjust enrichment is governed by Virginia's two year statute of limitations. *See Virginia Code* Section § 8.01-246(4) and *Harnsberger v. Wright,* 39 S.E. 2d 737 (Va. 1946).

It is therefore,

ORDERED AND ADJUDGED:

A. Defendant's Motion to Dismiss for Plaintiff's failure to timely file this case is granted and Plaintiff's Complaint is dismissed with prejudice.

B. It is unnecessary for this Court to rule upon Defendant's other grounds for dismissal.

\* \* \*