15 Fla. L. Weekly Supp. 923a

**Contracts -- Credit card agreement -- Limitation of actions -- Where choice of law provision in customer agreement provides that agreement will be governed by Federal and Virginia law, Virginia statute of limitations is applicable -- Where customer agreement does not show on its face a complete and concluded agreement between parties, three-year statute of limitations for unwritten contracts applies to count for breach of contract -- Virginia two-year general statute of limitations for actions for which no limitation period is otherwise specified applies to counts for account stated and money lent**

CAPITAL ONE BANK, Plaintiff, v. JUSTO A. GAVARRETE, Defendant. County Court, 11th Judicial Circuit in and for Miami-Dade County, Small Claims Division. Case No. 07-18612 SP 25 (04). June 17, 2008. Nuria Saenz, Judge. Counsel: Robert J. Orovitz, Hayt, Hayt & Landau. Erik Kardatzke, Debt Defense, P.L., Coral Gables.

*ORDER DENYING PLAINTIFF'S*

*MOTION FOR SUMMARY DISPOSITION*

*&*

*ORDER GRANTING DEFENDANT'S MOTION*

*FOR SUMMARY DISPOSITION REGARDING*

*STATUTE OF LIMITATIONS*

*&*

*FINAL JUDGMENT OF DISMISSAL*

THIS CAUSE came before the Court on Plaintiff's Motion for Summary Disposition and Defendant's Motion for Summary Disposition regarding Statute of Limitations. The Court heard argument of counsel and considered applicable law. Therefore, it is:

ORDERED AND ADJUDGED that:

1. Capital One filed a complaint for damages against Justo A. Gavarrete on August 24, 2007 pleading several counts: Count I Breach of Contract, Count II Accounts Stated and Count III Money Lent.

2. In support of Count I for Breach of Contract, Capital One attached a "Customer Agreement".

3. Pursuant to the complaint and the affidavit filed by Capital One, the default occurred on or about December 27, 2003.

4. Capital One filed a Motion for Summary Disposition seeking a money Judgment for amount claimed to be due. Gavarrete filed a Motion for Summary Disposition seeking dismissal alleging that the action is barred by the statute of limitations.

5. Capital One argues that the lawsuit is based on a written contract, the "Cu

**EXHIBIT A-4**

claims that by the use of the card, Gavarrete ratified and accepted the terms and conditions of the "Customer Agreement".

6. Capital One also argues that it is Florida's statute of limitations that applies to this action.

7. Gavarrete argues that the lawsuit is not based on a written contract and that Virginia's statute of limitations applies to this action.

8. The parties do not dispute that the choice of law provision in the "Customer Agreement" attached to the complaint applies to this case. It provides that the "Customer Agreement" will be governed only by Federal and Virginia law.

9. A choice of law provision applies only to substantive law, not procedural law. *Siegel v. Novack*, 920 So. 2d. 89, 93 (Fla. 4th DCA 2006).

10. Florida Courts will apply the substantive law of the state set forth in a choice of law provision and Florida's procedural law. *Id.*

11. Therefore, in the instant case, Virginia's substantive law applies and Florida's procedural law applies.

12. Accordingly, whether the Virginia statutes of limitations or the Florida statutes of limitations apply depends upon whether statutes of limitations are substantive or procedural.

13. Whether statutes of limitations are substantive or procedural for choice of law purposes is determined by Florida Law, since Florida is the forum state. *See Siegel.*

14. Although it was not always the case, statutes of limitations are now clearly considered substantive law in Florida. *Fulton County Adm'r v. Sullivan*, 753 So. 2d 549 (Fla. 1999) (statute of limitations is to be treated as substantive, rather than procedural, law for purposes of determining choice of law in action brought in Florida forum); *Merkle v. Robinson*, 737 So. 2d 540, 542 (Fla. 1999) (statutes of limitation choice of law questions treated the same as substantive choice of law question); *L.W.T., Inc. v. McCorriston*, 15 Fla. L. Weekly Supp. 443a (Fla. 13th Jud. Cir. November 19, 2007).

15. Accordingly, Virginia's statutes of limitations apply in the instant case.

16. There are three Virginia statutes of limitations which may have relevance in the instant case. Section 8.01-246(2) of the Code of Virginia provides that any action on a *written* contract must be brought within five years of the accrual of the action. Section 8.01-246(4) provides that actions on an *unwritten* contract must be brought within three years of the accrual of the action. Section 8.01-248 provides that any action for which no limitation is otherwise specified shall be brought within two years after the accrual of the action.

17. In the instant case, the breach of contract action is based upon a breach of the "Customer Agreement" attached to the complaint.

18. In order for the "Customer Agreement" to comply with the writing requirement for the five year statute of limitation under Virginia law, it would have to "show on its face a complete and concluded agreement between the parties." *Newport News, H. & O. Dev. Co. v. Newport News, St. Rv. Co.*, 32 S.F. 789 (Va. 1899); *Digital Support Corp. v. Avary*, 1999 WL 796745 (Va. Cir. Ct. July 13, 1999); *Marley Mouldings, Inc. v. Syat*, 970 F. Supp. 496 (W.D. Va. 1997); *In re: Nelco, Ltd.*, 264 B.R. 790 (Bkrtcy.

F.D. Va. 1999); *Capital One Bank v. Gelsey*, 15 Fla. L. Weekly Supp. 64a (Fla. 4th Cir. Ct. July 3, 1999).

19. The "Customer Agreement" does not "show on its face a complete and concluded agreement between the parties." It fails to set out the applicable interest rate governing the account and it is not signed by either party.

20. Furthermore, the document makes numerous references to terms stated outside of the document, such as "Your initial credit limit will be disclosed when your account is opened," payments are to be made "at the address for payment stated on your periodic statement," and "You will be assessed finance charges as previously disclosed to you as part of the TILA Account Disclosures or as we will disclose to you if required by applicable law."

21. Accordingly, the "Customer Agreement," which by the terms of the complaint is the document which Capital One is relying upon for its breach of contract count, does not meet the requirements of the five year written contract statute of limitations.

22. Therefore, the three year statute of limitations for unwritten contracts applies to Count I for breach of contract in the instant case.

23. As to Count II for Accounts Stated and Count III for Money Lent, Virginia's general two year statute of limitations time period applies.

24. As the instant lawsuit was filed over three years after the date of default, all three counts are barred by the applicable Virginia statute of limitations.

25. Therefore, Defendant's Motion for Summary Disposition is granted and Plaintiff's Motion for Summary Disposition is denied.

26. The complaint is dismissed with prejudice.

\* \* \*