IN THE COUNTY COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT, **CIVIL DIVISION,**
IN AND FOR PALM BEACH COUNTY, FLORIDA

CAPITAL ONE BANK,
Plaintiff,

CASE NO:   502007SC016285

vs.

DIVISION:   RB

STEVEN PINCUS,
Defendant.

_____/

## FINAL SUMMARY JUDGMENT FOR DEFENDANT

**THIS CAUSE** came before the Court upon Defendant's Motion for Summary Judgment based on a statute of limitation violation. There are three issues before the Court. First whether Defendant adequately pled the Virginia choice of law provision as contained in the contract; second, whether the choice of law provision in the contract, which invokes Virginia law, applies to a statute of limitation claimed defense; and third, whether the contract at issue is written or oral.

The parties agreed that 3.5 years elapsed from the date of last account activity until the instant action was filed. Under Florida law, a written contract is governed by a five year statute of limitation, while an oral contract is governed by a four year statute of limitation. Thus under Florida law, this action would be timely filed regardless of the contract being written or oral. Conversely, under Virginia law, a written contract is governed by a five year statute of limitation[1], while an oral contract is governed by a *three* year statute of limitation[2]. Thus under Virginia law, whether this instant contract was written or oral controls the outcome of this Motion.

---

[1] *Virginia Code* section 8.01-246(2): In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, within five years whether such writing be under seal or not;

[2] *Virginia Code* section 8.01-246(4): In actions based upon any unwritten contract, express or implied, within three years.

*EXHIBIT B*

As to the first issue, Defendant pled in their Answer reliance on the choice of law provision as contained in the contract. Plaintiff argued that the Answer was insufficiently pled as it did not specifically invoke Virginia law. In this case, Plaintiff filed numerous memorandums of law arguing Virginia law; therefore, the Court finds that Plaintiff was not prejudiced by Defendant's Answer, and the Answer sufficiently pled Defendant's reliance on Virginia law.

As to the second issue, in Florida, a choice of law provision of a contract is presumptively valid unless the party seeking to avoid it shows that application of the chosen law contravenes a strong public policy. Mazzoni Farms v. E.I. DuPont De Nemours, 761 So.2d 306, 311 (Fla. 2000). In the instant case, Plaintiff is attempting to avoid the choice of law provision as drafted in their own contract.

Several Florida courts have ruled that the choice of law provision as contained in credit card agreements applies to a statute of limitation claim. Most recently in Capital One Bank v. Tarpinian, 15 FLW Supp. 856a (Fla. Palm Beach Cty.Ct. 2008), Judge Peter Evans ruled that "Virginia law is the law that applies according to the choice of law provision in the credit card agreement." In Florida Credit Research v. Felicien, 15 FLW Supp. 608a (Fla. Duval Cty.Ct. 2008), Judge John Moran ruled that "Plaintiff is the 'master of its complaint' and cannot disavow the choice of law provision contained in the document it attaches to its Complaint so it can take advantage of the longer statute of limitations." In Capital One Bank v. Gelsey, 15 FLW Supp. 64a (Fla. Duval Cty.Ct. 2007), Judge Gary Flower ruled that "[t]his clause provides that Virginia law shall govern the parties' agreement. Pursuant to this provision this Court will apply Virginia law concerning the applicable statute of limitations to this case." See also, In Florida Credit Research v. Stromberg, 15 FLW Supp. 365d (Fla. Duval Cty.Ct. 2008). Finally, in Gaisser v. Portfolio Recovery Associates, 2008 WL 3824746 (S.D.

Fla. August 5, 2008), U.S. District Judge Cecilia Altonaga ruled that the statute of limitations of the parties' chosen forum will apply where there exists a contractual choice of laws provision. Of particular note is that all of these orders are **directly on point** with the instant action.

Plaintiff relies on several cases for their position that pursuant to the doctrine of *lex loci contractus*, since the instant contract was entered into in Florida, Florida's statute of limitation would apply. In <u>Sharps v. Provident Life & Accident Insurance Company</u>, 826 So.2d 250 (Fla. 2000),the Florida Supreme Court addressed the question of which state's burden of proof applied and held this was a procedural question governed by the law of the forum state. The *Shaps* Court recognized that "[u]nder Florida's conflicts of law rules, the doctrine of *lex loci contractus* directs that, *in the absence of a contractual provision specifying governing law*, a contract, other than one for performance of services, is governed by law of the state in which the contract is made." (Emphasis provided). *Id.*,at 254. Thus, in the instant action, the <u>Shaps</u> decision supports Defendant's position that the Virginia statute of limitations applies.

Plaintiff relies strongly on <u>Lanoue v. Rizk</u>, 33 FLW D1651 (Fla. 3d DCA 2008). In <u>Lanoue</u> the court found that there was a conflict in the contract because it provided for **two** choice of law forums. Based on the conflict, the Third District held that for choice of law questions in causes of action arising in contract, Florida adheres to the doctrine of *lex loci contractus*, which looks to the place where the contract was executed. However, in the instant case there exist no conflict in the contract, which clearly sets forth that Virginia law applies. Except for the <u>Lanoue</u> opinion, the other cases relied upon by Plaintiff were not contract cases where the parties agreed to a contractual provision designating the law of another forum.

Plaintiff being the master of its contract cannot now disavow Virginia's choice of law provision contained therein so as to now take advantage of Florida's longer statute of limitations. Therefore based on the clear language of Plaintiff's contract designating Virginia as the choice of law, and Defendant having properly pled[3] Virginia reliance law, this Court finds that for a determination as to which states' statute of limitation applies the plain language of the contract will prevail.

As to the third issue being whether the contact is oral or written, under Florida law it is clear that the contract at issue would be oral. Portfolio Recovery Associates, LLC v. Fernandes, 13 Fla. L. Weekly Supp. 560 (Fla. 15th Cir.Ct. 2006);Capital One Bank v. Tarpinian, *supra.*; L.W.T. INC., v. Ferrigno, 15 FLW Supp. 380a (Fla. Palm Beach Cty.Ct. 2008); and, NCO Portfolio v. Borack, 15 FLW Supp. 158 (Fla. Bay Cty.Ct. 2007). However, based on Defendant's pleading Virginia' choice of law provision as contained in Plaintiff's contract, we must now turn to Virginia law.

In Virginia's landmark case of Newport News Hampton & Old Point Dev. Co. v. Newport News Street Ry. Co., 32 S.E. 789, 790 (Va. 1899), the court held that "nothing must be left open for future negotiation and agreement; otherwise it cannot be enforced." In the instant case, the credit agreement is subject to unilateral changes by Plaintiff, there is no duration limitation to the agreement, and there exists no indication as to the credit limit or interest rate. Under a Newport analysis, the instant agreement is an oral contract.

Other Virginia courts have also held contracts to be oral agreements where certain elements are missing from the writing. In Dodge v. Trustees of Randolph-Macon Woman's College, 661 S.E.2d 801 (Va. 2008), the court held that "a contract is not valid and it is unenforceable if the terms

---

[3] Owens-Corning Fiberglas v. Engler, 704 So.2d 594 (Fla. 4th DCA 1997)("Where the law of a foreign forum is claimed to be dispositional, yet no foreign law is plead to the trial court, the matter is to be determined by the law of this forum.").

of the contract are not established with reasonable certainty." In <u>Tsillis v. Wade</u>, 2008WL1972952 (Va. Cir.Ct. 2002), the court held that if no date of repayment is present on a written contract, claim of breach is subject to the three year statute of limitation. A federal court in Virginia held that a writing must contain the names of the parties and the terms of the contract in order for the agreement to be a written contract. <u>In re Banks Auto Parts, Inc.</u>, 385 B.R.142, 49 Bankr.Ct.Dec. 203 (E.D. Va. 2008).

In the instant case, the Court finds the follows items missing from the credit agreement: signature, interest rate, name of Defendant, credit limit, date of repayment, and duration of agreement. These items are necessary for there to be the existence of a written contract pursuant to Virginia law. Additionally, the agreement is subject to unilateral changes by Plaintiff.

Therefore the Court finds that the agreement at issue herein is an oral contract subject to Virginia's three year statute on limitation which was violated by the filing of this action in excess of three years from the date of the last transaction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion for *Final Summary Judgment* is hereby **GRANTED and ENTERED** in favor of the Defendant, Steven Pincus. The Plaintiff shall recover nothing from this action and the Defendant shall go hence without day.

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida, this the 22nd day of December, 2008.

TED BOORAS
COUNTY COURT JUDGE

**SIGNED AND DATED**

DEC 2 2 2008

JUDGE TED S. BOORAS

Copies:
Stanley Erskine, 55 Weston Rd. Suite 300, Ft. Lauderdale, FL 33326
Scott Owens, 3801 Hollywood Bvld., Suite 200, Hollywood, FL 33021