UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81357-CIV-MARRA/JOHNSON

STEVEN J. PINCUS,

    Plaintiff

vs.

THE LAW OFFICES OF ERSKINE &
FLEISHER, a Florida Partnership, and
MINDY L. TARAN, individually,

    Defendants.
_____/

## ORDER AND OPINION ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants, The Law Offices of Erskine & Fleisher ("Erskine & Fleisher"), and Mindy L. Taran ("Taran")'s Motion to Dismiss (DE 9), filed February 20, 2009. Plaintiff filed a response to the motion (DE 10). The Court has carefully reviewed the motion, the response, and is otherwise fully advised in the premises.

**Background**

On November 14, 2008, Plaintiff filed his Complaint against Defendants (DE 1). Plaintiff brings suit alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, *et seq*. The facts, as alleged in the Amended Complaint, are as follows:

Defendants sought to collect an alleged debt from Plaintiff arising from a credit card used by Plaintiff for personal, family, or household purposes. Compl. ¶ 11. On November 20, 2007, Defendants filed a suit against Plaintiff seeking to collect an alleged debt of $803.95 ("the state court suit"). Compl. ¶ 12, Exh. A. The state court suit alleges that the account went into default on September 13, 2004, and the state court suit was filed on November 20, 2007. Compl. ¶ 16.

The state court was filed beyond the three-year statute of limitations in Virginia for unsigned agreements. Compl. ¶ 14-17.  Defendants knew the suit was filed beyond the statute of limitations, which is a violation of the FDCPA. Compl. ¶ 18-19.  Because of the small amount of the alleged debt, Defendants knew Plaintiff would likely acquiesce as he would not be aware of the statute of limitations as a defense and the cost of attorney's fees to learn of his defenses and assert them would exceed the amount sought. Compl. ¶ 20.

In the state court suit, the court granted summary judgment in favor of Plaintiff Pincus on the grounds that the suit was time-barred by the three-year statute of limitations governing oral contracts under Virginia law. Compl. ¶ 24, Exh. B.  In the state court suit, Defendants actions necessitated Plaintiff to incur hundreds of hours in attorney's fees. Compl. ¶ 22.

Defendants argue in their motion to dismiss that they did not violate the FDCPA because they did not knowingly or intentionally file a time-barred action against Plaintiff.  They argue that the state court action was timely filed within the five (5) year statute of limitations for a written agreement under Florida law or Virginia law or within the four (4) year statute of lmitations for an oral agreement under Florida law.  In addition, Defendants argue that, at minimum, the applicable statute of limitations is unsettled and therefore their action of filing the state court action was not a violation of the FDCPA.  Finally, Defendants argue that this matter should be dismissed or stayed until the pending state court appeal of the summary judgment decision has been completed.

Plaintiff responds that the Court should deny the motion to dismiss because (1) the three-year statute of limitations was correctly applied to the state court action; (2) the bona fide error defense is appropriate for a motion for summary judgment, not a motion to dismiss; and (3) the

Plaintiff is not required to pursue relief in state court.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**Discussion**

First, the doctrine of collateral estoppel precludes the relitigation of the issue of whether the state court action was time-barred, which was decided in a prior lawsuit. See Comp. Exh. B, Order Granting Defendant's Motion for Summary Judgment entered September 8, 2008. The state court granted summary judgment for Pincus, holding that "the agreement at issue herein is an oral contract subject to Virginia's three year statute on limitation which was violated by the filing of this action in excess of three years from the date of the last transaction."

In order for collateral estoppel to apply, certain prerequisites must be met: (1) the issue at stake must be identical to the one involved in the prior litigation, (2) the issue must have been actually litigated in the prior suit, (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action, and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. S.E.L. Maduro v. M/V Antonio De Gastaneta, 833 F.2d 1477 (11th Cir. 1987). In applying res judicata and collateral estoppel federal courts are required to give state court judgments preclusive effect when the procedures employed satisfy minimum standards of due process. See 28 U.S.C. § 1738 (1976); see also Allen v. McCurry, 449 U.S. 90, (1980); Montana v. United States, 440 U.S. 147 (1979).

The state court action demonstrates the presence of all of the requirements for the application of collateral estoppel: the (1) identical statute of limitations issue (2) was actually

litigated in the related action, (3) the determination of the issue in the related action was a necessary part of the judgment, and (4) the parties had a full and fair opportunity to litigate the issue. See Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998).[1]

Additionally, the pending appeal of the county court order before the Fifteenth Judicial Circuit does not limit the preclusive effect of the county court's decision. See Reed v. Allen, 286 U.S. 191 (1936) (holding that the conclusive effect of the prior judgment is not suspended by the pendency of defendant's appeal); Jaffree v. Wallace, 837 F.2d 1461, 1467 (11th Cir.1988) ("'The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal.'") (quoting 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4433, at 308 (1981 & Supp.1987)); see also Christo v. Padgett, 223 F.3d 1324, 1339 n. 47 (11th Cir. 2000) (holding that a "final judgment" for collateral estoppel purposes "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded preclusive effect.") (quoting Restatement (Second) Judgments § 13); Prager v. El Paso Nat. Bank, 417 F.2d 1111, 1112 (5th Cir. 1969) ("The fact that the judgment is now on appeal … (where it remains undecided) has no effect on

---

[1] The offensive use of collateral estoppel occurs when "the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." Parklane Hosiery, 439 U.S. at 326 n. 4. Collateral estoppel is appropriate when "the issue in the subsequent proceeding is identical to the one involved in the prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action." Cotton States Mutual Ins. Co. v. Anderson, 749 F.2d 663, 666 (11th Cir.1984) (1979) (internal citation and quotation omitted). Courts have broad discretion in determining when offensive collateral estoppel should be applied. Parklane Hosiery, 439 U.S. at 331. Here, the offensive use of collateral estoppel may be appropriate since Defendants have previously litigated unsuccessfully the issue of whether the state court action was time-barred. **At the very least, its potential use justifies the denial of Defendants' motion to dismiss.**

its absolute effect as a bar.").[2]

Here, the law of collateral estoppel leads inescapably to the conclusion that Defendants are collaterally estopped from relitigating the question of whether the state court action was time-barred.  Accordingly, Defendants' motion to dismiss the present action on the grounds that the state court action was timely filed fails.

Second, Defendants' bona fide error defense turns on questions of fact and cannot be resolved on a motion to dismiss.  See, e.g., Pescatrice v. Orovitz, 539 F.Supp.2d 1375, 1379-80 (S.D.Fla. 2008) (granting summary judgment to debt collectors who "have proven that their violation was not intentional and that they researched the statute of limitations issue before filing suit"); Gaisser v. Portfolio Recovery Associates, LLC, 593 F.Supp.2d 1297 (S.D. Fla. 2009) (denying motion for summary judgment as to the bona fide error defense because questions of material fact remained regarding whether defendants implemented procedures to reasonably prevent filing time-barred suits).

Lastly, this federal action may proceed while the state court appeal is pending.  In the event that the state court appeal reverses the ruling that the state court action was time-barred, the parties will have the opportunity to address the issue in this Court.

**Conclusion**

For the reasons stated herein, Defendants, The Law Offices of Erskine & Fleisher

---

[2]In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

("Erskine & Fleisher"), and Mindy L. Taran ("Taran")'s Motion to Dismiss (DE 9) is DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of May, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record