UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81357-CIV-MARRA/JOHNSON

STEVEN J. PINCUS,

    Plaintiff

vs.

THE LAW OFFICES OF ERSKINE &
FLEISHER, a Florida Partnership, and
MINDY L. TARAN, individually,

    Defendants.
_____/

## ORDER AND OPINION ON MOTION TO STAY

**THIS CAUSE** is before the Court upon Defendants, The Law Offices of Erskine & Fleisher ("Erskine & Fleisher"), and Mindy L. Taran ("Taran")'s Motion to Stay (DE 21), filed June 13, 2009.  Plaintiff filed a response to the motion (DE 23).  The Court has carefully reviewed the motion, the response, and is otherwise fully advised in the premises.

On November 14, 2008, Plaintiff filed his Complaint against Defendants (DE 1). Plaintiff brings suit alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, *et seq*., on grounds that the Defendants filed a suit to collect an alleged debt, knowing that the suit was filed beyond the statute of limitations. Compl. ¶ 18-19.

In the instant motion, Defendants request that the Court stay the proceedings until the state court has ruled on the pending appeal of the summary judgment decision in a related case. However, Defendants are improperly attempting to revisit an issue upon which the Court previously ruled.  In Defendants' motion to dismiss, they argued that this matter should be dismissed or stayed until the pending state court appeal of the summary judgment decision has

been completed. The Court denied Defendant's motion, ruling as follows:

> Lastly, this federal action may proceed while the state court appeal is pending. In the event that the state court appeal reverses the ruling that the state court action was time-barred, the parties will have the opportunity to address the issue in this Court.

See DE 15, entered 5/21/09. Consequently, the Court has already considered the issue of staying the action pending the state court appeal and ruled against Defendants.

Moreover, if this case proceeds to judgment against Defendants and the state court case is ultimately resolved in their favor, Defendants may seek relief from the judgment under Fed. R. Civ. P. 60(b)(5)( relief from judgment is authorized where the judgment is based on an earlier judgment that has been reversed or vacated or where applying the judgment prospectively would no longer be equitable). If it is ultimately determined in the state court that the statute of limitations on Plaintiff's claim has run, it would be inequitable to allow a judgment obtained by Plaintiff in this case to stand.

Accordingly, Defendants' Motion to Stay (DE 21) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of July, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record