UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-CV-81357-Marra-Johnson

STEVEN J. PINCUS, individually,

      Plaintiff,

v.

THE LAW OFFICES OF ERSKINE & FLEISHER,
a Florida Partnership, and
MINDY L. TARAN, individually,

      Defendants.
_____/

**<u>PLAINTIFF'S MEMORANDUM OF LAW AND STATEMENT OF MATERIAL FACTS
IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and S.D. Fla. L.R. 7.5, Plaintiff, STEVEN J. PINCUS, respectfully requests this Court enter a Summary Judgment in favor of Plaintiff and rule that that, as a matter of law, Defendants, THE LAW OFFICES OF ERSKINE & FLEISHER and MINDY L. TARAN, have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and that Defendants are not entitled to the affirmative defense of *bona fide* error, 15 U.S.C. § 1692k(c) as a matter of law.  In support of this Motion, Plaintiff submits the accompanying Memorandum and Statement of Material Facts. As set forth in Plaintiff's Memorandum, the state court has previously ruled that Defendants have filed a time-barred lawsuit, an established violation of the FDCPA.  Moreover, Defendants' affirmative defense of *bona fide* error is not supported by the factual record.  In sum, Plaintiff is entitled to a Summary Judgment as a matter of law and is therefore entitled to recover both statutory and actual damages in accordance with the FDCPA.

## I.     STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' STATEMENT

1.     Plaintiff is a "consumer", a natural person obligated or allegedly obligated to pay a credit card debt.  See 15 U.S.C. §1692a(3). (See Exhibit "A", Affidavit of Steven Pincus).

2.     The debt allegedly owed by Plaintiff was incurred in a consumer transaction for personal, family, or household purposes. (See Exhibit "A", Affidavit of Steven Pincus).

3.     As payment for their debt collection activities, Defendants are paid a percentage for each debt that they collect for their respective clients. (See Exhibit "B", Transcript of Deposition of Stanley Erskine, Pg. 6, Lines 9-11).

4.     Defendants filed a state court lawsuit on behalf on November 20, 2007, seeking to recover an alleged Capital One Bank credit card debt of $803.95 dollars; the debt at issue was 3.5 years old and the complaint attached a cardholder agreement containing a Virginia choice of law provision.  (DE-1, Exh. A).

5.     That Plaintiff and Defendant attended a small claims pretrial conference regarding the alleged debt on January 22, 2008. (See Exhibit "A", Affidavit of Steven Pincus).

6.     That shortly thereafter (within one week), Plaintiff hired the undersigned attorney to defend him from Defendants' collection efforts. (See Exhibit "A", Affidavit of Steven Pincus).

7.     That on or about January 29, 2008, Plaintiff filed a Motion for Summary Disposition in the state court lawsuit on the basis that said lawsuit was time-barred in accordance with Virginia law.  (DE-1, Exh. B).

8.      On September 8, 2008, the state court entered a summary judgment in favor of Plaintiff Steven J. Pincus.  (DE-31, Exh. B).[1]

9.      On October 8, 2008, Defendants, on behalf of Capital One Bank, filed an appeal of the state court ruling.  (See Exhibit "B", Transcript of Deposition of Stanley Erskine, Pg. 6, Lines 9-11).

10.     As of the filing of the instant memorandum, the state court docket now stands at 165 docketed entries and the appellate docket now stands at 36 entries.  (See Exhibits "C" and "D").

11.     That Plaintiff is now contractually obligated to pay his attorney more than $100,000.00 dollars in legal fees for the successful defense of the state court action. (See Exhibit "A", Affidavit of Steven Pincus).

12.     That Plaintiff filed the instant lawsuit for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on November 14, 2008, in part to recover the attorney's fees he incurred in the state court action.  (See Exhibit "A", Affidavit of Steven Pincus).

13.     That Defendants filed their most recent answer to the instant FDCPA lawsuit on September 15, 2009, claiming entitlement to the affirmative defense of *bona fide* error, 15 U.S.C. § 1692k(c).  (See Exhibit "E").

14.     At deposition, Defendants denied having made any errors in the state court litigation. (See Exhibit "B", Transcript of Deposition of Stanley Erskine, Pg. 11, Lines 23-25).

---

[1] A final summary judgment in favor of Steven J. Pincus was entered by the trial court on December 22, 2008.

15.     Defendants have asserted that that after conducting a legal review of the applicable statute of limitations, they determined that Plaintiff's alleged debt was subject to Florida's five (5) year statute of limitations. (DE-39, Pg. 15; DE-40, ¶¶33-34)

16.     Defendant MINDY L. TARAN, an attorney employed by THE LAW OFFICES OF ERSKINE & FLEISHER, is the attorney of record in the state court lawsuit which is the subject of the instant litigation.   (See "Exhibit F – Deposition of Mindy L. Taran" attached hereto; see also "Exhibit G – Deposition of Andrew Fleisher" attached hereto).

17.     Defendants collect consumer debts on defaulted credit card accounts. (See Exhibit "B", Transcript of Deposition of Stanley Erskine, Pg. 8. Lines 1-5) See also, *Heintz v. Jenkins*, 514 U.S. 291 (1995) (holding that attorneys were "debt collectors" as defined by the FDCPA).

18.     Plaintiff has submitted relevant affidavits in support of the instant Motion for Summary Judgment.   (See "Exhibit A – Affidavit of Steven J. Pincus" attached hereto; see also "Exhibit H – Affidavit of Erik Kardatzke").

## II.     ARGUMENT

## A.     SUMMARY OF ARGUMENT

The Defendants maintained a debt collection lawsuit in Palm Beach County Court, which Defendants knew or should have known was time-barred as Defendants failed to conduct a reasonable inquiry regarding the timeliness of the lawsuit.  The state court lawsuit attached a Capital One Bank cardholder agreement that clearly contained a Virginia choice of law provision.   After retaining legal counsel, Steven J. Pincus immediately filed a motion for summary disposition in the state court lawsuit relying upon Virginia's three year statute of

limitation.  Rather than investigate Virginia law and notwithstanding Defendants' knowledge that other Florida courts have upheld the application of Virginia law, Defendants refused to consider same because of their predetermined policy that Florida's five year statute of limitations governed irrespective of any foreign choice of law provision.  Defendants' policy was based upon the legal determination of one attorney-employee of The Law Offices of Erskine & Fleisher and Defendants never obtained the legal opinion of an objective third party, save one attorney in 2003 who was not even licensed to practice law in the State of Florida.  Plaintiff obtained a summary judgment in his favor holding that the state court lawsuit was time-barred.  Due to Defendants' litigation tactics, the cost of Plaintiff's state court victory resulted in a bill of more than $100,000.00 dollars in legal fees.

Defendants are aware of two appellate decisions from the Miami-Dade Circuit Court holding that Capital One Bank collection lawsuits are subject to Virginia's three year statute of limitations.  In spite of this, Defendants continue to litigate time-barred lawsuits in Miami-Dade County, solely relying upon Florida law.  Paradoxically, Defendants have themselves relied upon Virginia law when confronted with the issue of having to pay for Plaintiff's legal fees.  Plaintiff submits that Defendants have failed to maintain reasonable procedures to prevent the filing of a time-barred lawsuit and have abandoned their defense of *bona fide* error in the hope that the state court decision will be overturned on appeal.  Plaintiff further maintains that the recent decision from the Eleventh Circuit Court on October 14, 2009 in *Edwards v. Niagara Credit Solutions, Inc.* is applicable to the matter at bar.  In *Edwards*, the Court found that the debt collector's policies and procedures were not *reasonably* adapted to prevent a violation of the FDCPA and thus were not entitled to the affirmative defense of *bona fide* error.

B.     **STANDARD FOR SUMMARY JUDGMENT.**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Substantive law defines which facts are material, and only disputes over facts that might affect the outcome of the case will defeat summary judgment.  *Id*. at 248, 106 S.Ct. at 2510.  A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party."  *Id.*  Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movants have met their burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 547 (1986).  It is not sufficient for the party opposing summary judgment to provide a scintilla of evidence supporting its case.  *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 252, 106 S. Ct. at 2512.

C.     **DEFENDANTS HAVE VIOLATED THE FDCPA BY FILING A LAWSUIT WHICH HAS BEEN HELD TO BE TIME-BARRED IN STATE COURT.**

It is well-settled law that the filing of a time-barred lawsuit is a violation of the FDCPA. See *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D.Ala. 1987) (holding letters merely threatening to sue on a time-barred claim are "fraudulent" because a debt collector cannot

"legally prevail in such a lawsuit"); *Hamid v. Blatt, Hasenmiller, Leibsker, Moore & Pellettieri*, 2001 U.S. Dist. LEXIS 13918 (N.D. Ill. Aug. 31, 2001) (filing suit on a time-barred debt is a FDCPA violation); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613 (N.D. Ill. 2001) (filing suit on a time-barred debt is a FDCPA violation); *Spencer v. Hendersen-Webb*, 81 F. Supp. 2d 582 (D.Md. 1999) (representing that the debt could be collected for twelve years when it subject to a three-year statute of limitations violated F.D.C.P.A., specifically §§ 1692e(2)(A) and 1692f(1)); *Perretta v. Capital Acquisitions & Mgmt. Co.*, 2003 WL 21383757 (N.D. Cal. May 5, 2003) (as a mater of law, the threat to "take further steps" on a time-barred states a claim for is a threat to file suit and, as such, violates the FDCPA).[2]   As this Honorable Court has already explained, the issue is one of *res judicata* as "the law of collateral estoppel leads inescapably to the conclusion that Defendants are collaterally estopped from relitigating the question of whether the state court action was time-barred."  *Pincus v. The Law Offices of Erskine & Fleisher*, 617 F.Supp.2d 1265, 1269 (S.D.Fla. May 21, 2009).

## D.    THE *BONA FIDE* ERROR DEFENSE.

The FDCPA is a strict liability statute with a *bona fide* error affirmative defense that, if proven, allows Defendants to escape liability for the alleged violations. Under the FDCPA, "*bona fide* error" is an affirmative defense to which the debt collector bears the burden of showing by a preponderance of the evidence (1) that the debt collector's error was *bona fide* and unintentional and (2) that the debt collector maintained reasonable procedures to avoid errors. *Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006).  Whereas the intent prong of the *bona fide* error defense is a subjective test, the *bona fide* and the procedures prongs are necessarily objective tests.  See *Drossin v. Nat'l Action Fin. Servs., Inc.*, 2009 U.S. Dist. LEXIS 70494 (S.D.

---

[2] With respect to the FDCPA, the filing of a time-barred lawsuit is commonly referred to as a *Kimber* violation.

Fla. August 6, 2009); *Rosado v. Taylor,* 324 F.Supp.2d 917, 933 (N.D.Ind.2004); *Hartman v. Meridian Fin. Servs., Inc.,* 191 F.Supp.2d 1031, 1045 (W.D.Wis.2002); *Edwards v. McCormick,* 136 F.Supp.2d 795, 801 n. 8 (S.D.Ohio 2001).  Although 15 U.S.C. § 1692k(c) provides: that "[a] debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," this narrow exemption provides complete immunity to a debt collector's violation of the FDCPA <u>only</u> where the debt collector carries the burden of proof of each element of the defense. See *Fair Housing Advocates Assoc., Inc. v. City of Richmond Heights, Ohio,* 209 F.3d 626, 634-635 (6th Cir. 2000) (party claiming exemption from statutory liability has burden of proof to all elements of exemption).

**E.    DEFENDANTS HAVE NO REASONABLE PROCEDURES IN PLACE TO PREVENT THE FILING OF A TIME-BARRED LAWSUIT.**

It is logical to conclude that if a debt collector does not view a certain procedure to be in error, then the debt collector could not have reasonable procedures in place to prevent said error. See generally, *Booth v. Collection Experts, Inc.*, 969 F.Supp. 1161 (E.D. Wis. 1997) (Holding that a *bona fide* error defense must be supported by evidence that there was an error and it was unintentional); *Hartman v. Meridian Fin. Servs., Inc.*, 191 F.Supp.2d 1031 (W.D. Wis. 2002) (Stating that debt collector could not avail itself of the *bona fide* error defense since it did not have in place any relevant procedures).  Such is the case with the matter before this Court. Defendants have committed themselves to the position that no error has occurred in the state court litigation and rely upon a bizarre legal theory which flies in the face of established jurisprudence from both the Florida Supreme Court as well as the Fifteenth Judicial Circuit in its appellate capacity (governing Palm Beach County Courts).

Plaintiff readily admits that Defendants are "free to make novel legal arguments, including arguments which turn out to be without merit in areas of unsettled law, so long as there is a good faith basis for doing so." *McCorriston v. L.W.T., Inc.*, 536 F.Supp.2d 1268 (M.D. Fla. 2008) (emphasis added). Defendants, however, fail to demonstrate that there is any good faith basis for their unfounded legal theory which is basically as follows: irrespective of the (foreign) choice of law provision specified within a credit card agreement, the Court should always apply Florida's five (5) year statute of limitations. This opinion is by and large the result of the legal research of one attorney-employee of The Law Offices of Erskine & Fleisher and is not supported by any independently retained counsel. See *Johnson v. Riddle*, 443 F.3d 723 (10th Cir. 2006) (stating that reasonable procedures might include seeking guidance from an independent third party).

In the instant matter, even a cursory review of the relevant case law would reveal that Defendants view runs contrary to binding precedent from the Florida Supreme Court. See generally, *Merkle v. Robinson,* 737 So.2d 540 (Fla. 1999) (statutes of limitation choice of law questions treated the same as substantive choice of law question); *Fulton County Adm'r v. Sullivan,* 753 So.2d 549 (Fla. 1999) (statute of limitations is to be treated as substantive, rather than procedural, law for purposes of determining choice of law in action brought in Florida forum); *Burroughs Corp. v. Suntogs of Miami, Inc.*, 472 So.2d 1166 (Fla. 1985) (contractual provision shortening the period of time for filing a suit was not contrary to a strong public policy); *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So.2d 306, 311 (Fla. 2000) (same); see also, *Western Group Nurseries, Inc. v. Ergas*, 211 F.Supp.2d 1362, 1366 (S.D. Fla. 2002); *Gaisser v. Portfolio Recovery Associates,* 2008 WL 3824746 (S.D. Fla. August 5, 2008). Plaintiff maintains that no reasonable attorney could have arrived at such an irrational legal

conclusion.  See *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002) (stating that though a legal error may possibly qualify as a *bona fide* error, said defense was not available where law was reasonably clear).  Even if Defendants failed to discover that Virginia law applied to the debt at issue, Defendants have also completely neglected the fact that there is binding precedent that credit card debt collection lawsuits filed in Palm Beach County are <u>never</u> governed by the five (5) year statute of limitations; the applicable statute of limitations is for credit card debt lawsuits *governed by Florida law* is four (4) years.  For this reason, Plaintiff submits that Defendants' *bona fide* error defense fails as a matter of law.  "As to the third issue being whether the contract is oral or written, <u>under Florida law it is clear that the contract at issue would be oral</u>."  *Capital One Bank v. Pincus*, 16 Fla. L. Weekly Supp. 261d (Fla. Palm Beach Cty. Ct. 2008) (emphasis added).  In his summary judgment opinion, Judge Ted Booras cited to *Portfolio Recovery Associates, LLC v. Fernandes,* 13 Fla. L. Weekly Supp. 560 (Fla. 15th Cir. Ct. 2006), a binding appellate authority holding that the statute of limitations for credit card debts *governed under Florida law* is always four (4) years.

Even more disturbing is Defendants' revelation that even when an appellate court has specifically ruled that Capital One Bank's credit card agreements are governed by Virginia's three (3) year statute of limitations (under Va. Code. § 8.01-246), Defendants consciously choose to disregard said precedent and continue to litigate the matter on the basis that the lawsuit is governed by Florida's five (5) year statute of limitations (under Fla. Stat. § 95.11).[3]  (See "Exhibit H – Affidavit of Erik Kardatzke).  This position was memorialized at the deposition of Stanley B. Erskine (Defendant The Law Offices of Erskine & Fleisher's designated witness under Rule 30(b)(6))  on September 25, 2009 (Exh. "B", Pg. 27):

---

[3] See *Delrey v. Capital One Bank*, 16 Fla. L. Weekly Supp. 820a (Fla. 11th Cir. 2009); *Mohammed v. Capital One Bank*, 16 Fla. L. Weekly Supp. 616a (Fla. 11th Cir. 2009).

```
 8      A.    It is our opinion that the Florida statute of
 9   limitations apply in every case.
...
23      Q.    Do you have any other pending lawsuits where the
24   statute of limitations defense has been raised against you?
25            MS. BELL:  Objection to form.
0064
 1      A.    I'm not sure what that means.
 2   BY MR. OWENS:
 3      Q.    Do you have any other Capital One Bank lawsuits --
 4      A.    Yes.
 5      Q.    -- where there's a consumer attorney or perhaps
 6   any other attorney on the other side having raised the Virginia
 7   statute of limitations defense?
 8      A.    One.
 9      Q.    What case is that?
10      A.    It's with your best friend, Eric Kardatzke.  You
11   know that.  You probably spoke to him about it.
12      Q.    Okay.  Is that -- what circuit is that pending in?
13      A.    Dade County.
14      Q.    And is that still being litigated?
15      A.    It's going to be litigated.  It's going to go to
16   trial.
```

One week prior to the deposition of Stanley B. Erskine, Defendant Mindy L. Taran

testified to the following (Exh. B, Pgs. 3, 8, and 10):

```
24      Q.    Okay.  Do you have any special
25   responsibilities -- do you believe that you have
 1   any responsibilities on a file once your named as
 2   counsel of record?
 3      A.   No.
...
21      Q.   Okay.  Have you done any independent
22   analysis of the applicable choice of law provision
23   in any -- not just this case, but in any case?
24      A.   No.
...
16      Q.   Have you done any analysis as to the
17   statute of limitations in Virginia?
18      A.   Have I done any --
19           MS. BELL:  Form.
20      Q.   Independent analysis of the statute of
21   limitation in Virginia?
22           MS. BELL:  Form.
```

> 23        *THE WITNESS:  No.*

Equally unavailing was the testimony of Andrew Fleisher, another attorney at the Law

Offices of Erskine & Fleisher who stated the following at deposition on November 4, 2009 (Exh.

G, Pg. 4):

> 21        *THE WITNESS:  Based on the research*
> 22        *that I've done over the years since I've*
> 23        *been practicing law, the research has*
> 24        *indicated to me that the statute of*
> 25        *limitations is procedural.*
> 0008
> 1        *I've also asked for opinions of*
> 2        *other counsel who have indicated that*
> 3        *it's procedural and local.*
> 4        *BY MR. OWENS:*
> 5        *Q.   Okay.  Who were the attorneys that*
> 6        *you --*
> 7        *A.   Manny Newburger.*
> 8        *Q.   Okay.*
> 9        *A.   But most of it was predicated upon the*
> 10       *research I, individually, have done.*
> 11       *Q.   Did you consult with Manny Newburger*
> 12       *with respect to this lawsuit?*
> 13       *A.   No.*
> ...
> 4        *Q.   Okay.  And when did Manny Newburger*
> 5        *provide your office with an opinion with respect*
> 6        *to --*
> 7        *A.   It wasn't a written opinion.  It was*
> 8        *2003.*
> 9        *Q.   2003.  Okay.  In what context was it*
> 10       *given?*
> 11       *MS. BELL:  Form.*
> 12       *THE WITNESS:  I don't understand*
> 13       *the question.*
> 14       *BY MR. OWENS:*
> 15       *Q.   Well, it wasn't a written opinion, so*
> 16       *what type of opinion was it?*
> 17       *A.   Telephone opinion.*

Apparently, the one and only legal opinion allegedly sought by Defendants took place four years

before the filing of the state court lawsuit from which this FDCPA lawsuit arises and was

rendered by an attorney who is not even licensed to practice law in the State of Florida.  A cursory review of the Florida Bar website reveals that there are no attorneys licensed to practice law in Florida with the last name of "Newburger". (See Exhibit "I").  Even if Mr. Newburger were a licensed Florida attorney, an impromptu discussion in 2003 on how the statute of limitations is impacted by a choice-of-law provision is rather insignificant as well as too remote to be considered a reasonable procedure to prevent the filing of a time-barred lawsuit.

Plaintiff maintains that Defendants' attempt to disavow the applicability of Virginia law is by and large disingenuous.  While Defendants cry foul at the application of Virginia law for statute of limitation purposes, Defendants themselves invoke Virginia law when it comes to the issue of sanctions and entitlement to attorney's fees.  On or about May 13, 2009, Defendants, in the appellate portion of the state court lawsuit, filed a reply to Steven J. Pincus's prayer to recover his attorney's fees.  The reply filed by Defendants relied in part upon Virginia law for the purposes of avoiding Florida's reciprocity statute, Florida Statutes § 57.105(7).  (See "Exhibit A – Affidavit of Steven J. Pincus").  Hence, Defendants have taken the antithetical position that Virginia law should not be applied in interpreting the Capital One Bank cardholder agreement while simultaneously relying upon Virginia law when confronted with the issue of having to pay attorney's fees for filing a time-barred lawsuit.

For these reasons, Plaintiff submits that the aforesaid facts are demonstrative of Defendants' legal ineptitude and invalidate both the reasonableness and good faith requirements of Defendants' *bona fide* error defense.  See *Johnson v. Riddle*, 443 F.3d 723 (10th Cir. 2006) (stating that the debt collector must maintain specific, *reasonable* procedures designed to avoid the error at issue); *Spencer v. Hendersen-Webb*, 81 F.Supp.2d  582 (D. Md. 1999) (holding that debt collector's procedures were "woefully inadequate" to prevent error at issue); *Martinez v.*

*Albuquerque Collection Servs.*, 867 F.Supp. 1495 (D.N.M. 1994) (pronouncing that neither a misunderstanding of the law nor reliance on attorney's inaccurate advice was sufficient to make out a *bona fide* error defense).

Plaintiff brings to this Court's attention a recent decision from a sister Court, which is analogous to the matter at bar. The case is *Miller v. Upton Cohen & Slamowitz*, 2009 WL 3212556 (E.D.N.Y. October 5, 2009). In *Miller*, the Court that the defendant law firm failed to conduct a *meaningful review* of the consumer's information in violation of the FDCPA and that the defendant law firm could not rely upon the creditor's or its own in-house counsel's collection efforts so as to avoid liability under the FDCPA. *Id.* Plaintiff maintains that this is akin to Defendants' actions in the case before this Honorable Court. In the present matter, Defendants failed to conduct any meaningful review of Virginia's statute of limitations and instead relied upon their own determination (and possibly the legal opinion of an attorney not licensed to practice law in the State of Florida) that Florida's statute of limitations governed in spite of Defendants' acknowledgement that the credit card agreement at issue contained a Virginia choice-of-law provision. Hence, Defendants affirmative defense fails as a matter of law since it cannot be considered a *reasonable* procedure to prevent the filing of a time-barred lawsuit.

**F.   TARAN DID NOT EXERCISE ANY INDEPENDENT LEGAL JUDGMENT OF HER OWN AND IS THEREFORE NOT ENTITLED TO THE *BONA FIDE* ERROR DEFENSE AS A MATTER OF LAW.**

Mindy L. Taran, an employee of The Law Offices of Erskine & Fleisher, is the attorney of record in the state court lawsuit from which the instant FDCPA lawsuit arises. As previously stated in this motion, Ms. Taran had testified at deposition that she had no responsibilities as the attorney of record. At the same deposition, Ms. Taran provided some valuable insight as to the inner workings at The Law Offices of Erskine & Fleisher (Exh. F, Pg. 4):

14

> 6     *Q.   How does that come to be that someone's*
> 7   *the named attorney but another attorney signs for*
> 8   *that attorney?*
> 9     *MS. BELL:  Form.*
> 10     *THE WITNESS:  We all sign for or on*
> 11     *behalf of each other because there's so much*
> 12     *paperwork so it depends.  It gets randomly*
> 13     *assigned and then the papers are just signed*
> 14     *unless they're affidavits that have to be*
> 15     *signed by the named attorney.*
> ...
> 21     *Q.  Are there some weeks where your firm*
> 22   *might file more than a hundred lawsuits?*
> 23     *A.  Yes.*

It is clear from Ms. Taran's deposition that The Law Offices of Erskine & Fleisher is nothing more than a debt collecting automaton which randomly assigns cases to its three attorneys and is capable of generating a thousand lawsuits over a two week time frame.  Most shocking is the revelation that the requisite independent legal judgment on part of the named attorney of record is missing.  This lack of involvement is in direct contravention to the FDCPA.  In *Miller v. Wolpoff & Abramson, LLP*, 01-CV-1126 (E.D.N.Y. January 25, 2007), the Court held:

> The attorney's reliance on the other party must be reasonable on the basis of other facts, for example, familiarity with the other party's past reliability or current practices. Significantly, it is not sufficient to claim, after the fact, that the other party's procedures were adequate, or that they reached the correct result. Cf. Garr, 22 F.3d at 1279 ("[A] signer making an inadequate inquiry into the sufficiency of the facts and law underlying a document will not be saved from a Rule 11 sanction by the stroke of luck that the document happened to be justified. . . . 'A shot in the dark is a sanctionable event, even if it somehow hits the mark.") (quoting Vista Mfg., Inc. v. Trac-4 Inc., 131 F.R.D. 134, 138 (N.D. Ind. 1990)). It must be shown, as well, that the attorney who relied on those procedures was aware of them at the time.

*Id.*, see also, *In re Frontier Ins. Group, Inc.*, 172 F.R.D. 31, 46 (E.D.N.Y. 1997) ("[A] signing attorney cannot delegate his or her responsibility to another attorney to investigate the facts underlying the complaint.").  In sum, Ms. Taran failed to meet her professional obligations as the attorney of record or exercise any professional judgment at all with respect to the complaint filed

against Steven J. Pincus.  If this Court finds that Plaintiff is entitled to summary judgment against Defendant Mindy L. Taran, then it must also find liability on behalf of Defendant The Law Offices of Erskine & Fleisher.  See generally, *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994) (holding that debt collector was vicariously liable for another debt collector who was collecting on its behalf).

When Ms. Taran was specifically confronted with the issue of how The Law Offices of Erskine & Fleisher arrived at their legal conclusion that Florida's statute of limitations was applicable in spite of the Virginia choice of law provision, Taran's response served Defendants no better than the inquiry into her level of involvement in the state court lawsuit.  At deposition Taran stated as follows (Exh. F, Pgs. 7 and 9):

> 19      A.  It's our firm policy that we base the
> 20  statute of limitations on Florida law, not on the
> 21  choice of law provision.
> 22      Q.  Why is that, and how did you arrive at
> 23  that conclusion?
> 24         MS. BELL:  Objection to form.
> 25         THE WITNESS:  The reason is because
> 0017
> 1     that's the law.  That's what the current case
> 2     law says and that's what Florida law states;
> 3     that it's based on the forum state where you
> 4     file suit.
> ...
> 24      Q.  Okay.  So when you say policies and
> 25  procedures, is this more of an informal thing as
> 0020
> 1  opposed to an actual constructive document?
> 2         MS. BELL:  Form.
> 3         THE WITNESS:  I suppose so.  I mean they
> 4     come to e-mails and I read the e-mails and we
> 5     change our -- we do -- everything is done
> 6     within the accordance of what the law is and
> 7     the current laws.
> 8  BY MR. OWENS:
> 9     Q.  Who drafts these e-mails?
> 10    A.  Most of the time Stanley.

> 11      Q.   Okay.  Do you know how he arrived at his
> 12   conclusion?
> 13         MS. BELL:  Form?
> 14         THE WITNESS:  I have no idea.

To put Defendants' position more succinctly, Taran was simply parroting her law firm's policy

as dictated to her by Stanley B. Erskine.  Taking this position to its logical conclusion would lead

to absurd results.  For example: if Erskine had arrived at the legal conclusion that Danish

maritime law applied irrespective of the Virginia choice of law provision, Taran arguably would

have been obliged to follow this flawed logic as well.  Defendants may argue that they are some

how saved by the fact that the complaint was not signed by Mindy L. Taran but instead by

Andrew Fleisher on behalf of Taran.  However, this raises an even more troubling specter; the

fact that Fleisher had become aware of appellate authority in Florida holding that the foreign

statute of limitations was applicable in a choice of law context.

## G.      DEFENDANTS ARE NO LONGER ENTITLED TO ASSERT THE *BONA FIDE* ERROR DEFENSE AS A MATTER OF LAW AS THEY HAD SUFFICIENT NOTICE THAT THE LAWSUIT WAS TIME-BARRED.

Assuming that Defendants could meet their burden with respect to the *bona fide* error

defense, Federal Courts have held that this defense terminates upon a clear showing that the debt

collector was put on notice that the subject lawsuit was time-barred, yet continued to litigate the

matter anyway.  In *Thompson v. D.A.N. Joint Venture III, L.P.*, Not Reported in F.Supp.2d, 2007

WL 1625926 (M.D.Ala. 2007), the Court held:

> Even if, Defendant had an honest belief the debt was not time-barred, Defendant
> DAN was on notice after the summary judgment opinion the debt was barred by
> the statute of limitations.  Despite the summary judgment opinion, Defendant
> admits they have taken no action whatsoever to date to set aside the default
> judgment rendered in the underlying state action. Thus, in the extreme light most
> favorable to Defendant, what may have begun as an unintentional act converted
> into a willful act which is the proximate cause of Plaintiff's damages. To be clear

and certain, the Court finds the actions by Defendant DAN were intentional and not the result of bona fide error.

*Id.*; see also, *McCollough v. Johnson, Rodenberg & Lauinger*, 2009 WL 176867 (D.Mont. Jan. 8, 2009) (holding that debt collector failed to establish a *bona fide* error under FDCPA in bringing time-barred suit against debtor or in maintaining the lawsuit after receiving facts that proved the suit was time-barred); *State ex rel. Hatch v. JBC Legal Group, P.C.*, 2006 WL 1388453 (Minn. Dist. Ct. Apr. 13, 2006) (because defendants' misstatement of the service charge continued for a year after it was brought to their attention, they may not be able to sustain *bona fide* error defense).  This rationale is applicable to the matter at bar.  Defendants have been on notice since January 29, 2008 that the state court lawsuit was in fact time-barred.  Similarly, Defendants were aware of contrary appellate authority at some time during the litigation of the state court lawsuit but have decided to plow forward nonetheless.  This point was memorialized in the deposition of Andrew Fleisher who stated as follows (Exh. G, Pg. 4):

```
14      Q.   Okay.  Have you seen any other opinions
15    from any higher court in Florida -- and when I
16    say "any higher court," any appellate court --
17    stating that the statute of limitations with
18    respect to choice of law analysis is substantive
19    rather than procedural?
20         MS. BELL:  Form.
21         THE WITNESS:  I have a problem
22     answering the question because I don't
23     know when you're speaking about.
24         Period of time, please.
25
0009
 1   BY MR. OWENS:
 2      Q.   Okay.  From the inception of the filing
 3    of this lawsuit up to today's date.
 4      A.   I've seen a couple cases.
```

Hence, after having viewed published decisions holding that Virginia law should be applied and having been put on notice of same by the undersigned attorney more than a year and a half ago (as well as by the trial court in its summary judgment order entered on September 8, 2008), Defendants have refused to even consider the applicability of Virginia law and have continued to inundate Plaintiff with legal filings, pursuing an appeal to the Fifteenth Judicial Circuit Court of Palm Beach County, Florida.  The aforesaid facts establish that Defendants have maintained a lawsuit which Defendants knew or should have known was time-barred in violation of the FDCPA.  See generally, *Harrison v. NBD Inc.*, 968 F.Supp. 836 (E.D.N.Y. 1997) (explaining that FDCPA is a remedial statute to be liberally construed, imposing strict liability excused only by the *bona fide* error defense).

Furthermore, by continuing to litigate the state court lawsuit after having been put on notice that the said matter was time-barred, Defendants have essentially abandoned the *bona fide* error defense in the hope that the appellate court will overturn the final summary judgment in their favor.  Plaintiff maintains that Defendants have not only assumed paradoxical positions but it would severely undermine the legislative purpose of the FDCPA (i.e. consumer protection) to permit Defendants to engage in Stalingrad-type litigation tactics[4] in the state court lawsuit and forcing Steven J. Pincus to face ruinous attorney's fees, while simultaneously invoking the *bona fide* error defense at the federal level.

## H.    DEFENDANTS' TESTIMONY AT DEPOSITION BELIES THE AFFIRMATIVE DEFENSE OF *BONA FIDE* ERROR.

Defendants' claim to the affirmative defense of *bona fide* error is completely contradicted by the direct testimony of Stanley B. Erskine ("Erskine").  On September 25, 2009, Erskine, a

---

[4] See *Lipsett v. Blanco*, 975 F.2d 934 (1st Cir. 1992) ("Appellants mounted a Stalingrad defense, resisting Lipsett at every turn and forcing her to win her hard-earned victory from rock to rock and from tree to tree.")

principal at The Law Offices of Erskine & Fleisher, testified under oath in accordance with Rule

30(b)(6) of the Federal Rules of Civil Procedure.   Erskine's statements belie Defendants'

affirmative defense of *bona fide* error.  When questioned as to when he first realized that he was

in error, the following exchange took place (Exh. B, Pg. 11):

> 23      Q.    Do you believe that your law firm made any errors
> 24  in this case?
> 25      A.    No.

By simultaneously asserting the *bona fide* error defense in their answer and testifying under oath

at deposition that they committed no error, Defendants are not only in violation of the second of

three rules of classical thought, the Principle of Contradiction, but more simply put, in light of

Defendants' testimony, the claimed defense makes no sense whatsoever.

It is axiomatic that an affirmative defense not supported by the evidence fails as a matter

of law.  See generally, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-1480 (6th Cir. 1989).

Perhaps Defendants may attempt to explain the aforementioned contradiction by the subsequent

testimony of Erskine at deposition (Exh. B, Pgs. 11-12):

> 12      Q.     Okay.  But I previously asked you if you believe
> 13   that your firm made any errors as it relates to the case of
> 14   Capital One Bank versus Steven J. Pincus and you said no?
> 15      A.     Right.
> 16          MS. BELL:  Form.
> 17   BY MR. OWENS:
> 18      Q.     So would it be fair to say that you do not believe
> 19   you made any errors?
> 20      A.     No.  I think you're -- I think you're
> 21   mischaracterizing it.
> 22          The position is that we do not believe we made any
> 23   errors, but if in the event the Court feels that we did
> 24   misconstrue the law, it was based upon our original
> 25   determination that the law was proper as applied.
> 0027

> 1     Q.    Do you feel that those two positions are
> 2   incongruous in any way?
> 3          MS. BELL:  Form.
> 4     A.    No.  It's like alternative pleading.

This claim by Erskine is baffling as there exists no doctrine in the law which permits one to lay claim to a "springing" affirmative defense based upon the end result of some future event. Plaintiff maintains that Defendants have effectively abandoned their *bona fide* error defense and have instead bet the proverbial farm on the outcome of their state court appeal.   Plaintiff concedes that this strategy may ultimately prove to be successful as this Court has correctly noted, "[i]n the event that the state court appeal reverses the ruling that the state court action was time-barred, the parties will have the opportunity to address the issue in this Court."  *Pincus v. The Law Offices of Erskine & Fleisher*, 617 F.Supp.2d 1265, 1270 (S.D.Fla. May 21, 2009).

Recently, the Eleventh Circuit examined the "good faith" component of the *bona fide* error defense in the matter of *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. October 14, 2009).  In *Edwards*, the Court found that the debt collector could not avail himself of the *bona fide* error defense as the error at issue (i.e. failure to identify oneself as a debt collector in violation of 15 U.S.C. § 1692e(11)) was not made in good faith since it could not be considered to be an objectively reasonable procedure.  Ultimately, the Court held:

> Just as it is not reasonable to destroy a village in order to save it, neither is it reasonable to violate an Act in order to comply with it. It was not reasonable for Niagara to violate § 1692e(11) of the Fair Debt Collection Practices Act with every message it left in order to avoid the possibility that some of those messages might lead to a violation of § 1692c(b).

*Id.* at *9.  Likewise, Defendants should not be afforded the *bona fide* error defense in the present matter as it cannot be considered an objectively reasonable procedure to rely upon Florida's statute of limitations and fail to examine Virginia's statute of limitations, especially when

confronted with appellate case law from a factually identical matter holding that Virginia's three year statue of limitations as enumerated in Va. Code § 8.01-246(4) is controlling.

## III.   RECOVERABLE DAMAGES UNDER THE FDCPA.

Plaintiff has sought statutory damages of up to one thousand dollars ($1,000.00) provided by 15 U.S.C. § 1692k(a)(2)(A).  Plaintiff has shown that Defendants committed a violation of 15 U.S.C §§ 1692d, 1692e and 1692f.   Section 1692k(b) describes the factors the court may consider in determining damages as "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional..."   The evidence before this Honorable Court clearly demonstrates that Defendants have been on notice since January 29, 2008 that the state court lawsuit was in fact time-barred.   Additionally, Plaintiff has sought actual damages, including but not limited to compensation for emotional distress as well as the recovery of his state court attorney fees, both of which are recoverable under the FDCPA.  See respectively, *Gervais v. O'Connell, Harris & Assoc. Inc.*, 297 F. Supp. 2d 435 (D.Conn. 2003), *Lowe v. Elite Recovery Solutions, L.P.*, 2008 U.S. Dist. LEXIS 8353 (E.D.Cal. 2008).   Accordingly, Plaintiff is entitled to and requests judgment in the maximum amount allowed by 15 U.S.C. § 1692k(a)(2)(A) of one thousand dollars ($1,000.00), actual damages, as well as the costs and reasonable attorney fees associated with the prosecution of the instant federal lawsuit.

## IV.   CONCLUSION

**WHEREFORE**, Plaintiff, STEVEN J. PINCUS, requests that this Court enter a Judgment in his favor and against Defendants, THE LAW OFFICES OF ERSKINE & FLEISHER and MINDY L. TARAN, for $1,000.00 dollars in statutory damages, actual

damages, costs, and reasonable attorney fees for Defendants' violation of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by filing and maintaining a time-barred

lawsuit in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

Respectfully submitted,

/s/Scott D. Owens
**SCOTT D. OWENS, ESQ.**
Florida Bar No.: 0597651
MENINA E. COHEN, ESQ.
Florida Bar No.: 014236
**COHEN & OWENS, P.A.**
Attorney for Plaintiff
3801 Hollywood Boulevard
Suite 200
Hollywood, Florida 33021
Phone 954-923-3801
Fax 954-967-2791

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 17th, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this 17th day of December on Michelle T. Bell, Esq., MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, Attorney for Defendants, 1 East Broward Boulevard, Suite 500, Fort Lauderdale, FL 33301, mtbell@mdwcg.com, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Scott D. Owens
**SCOTT D. OWENS, ESQ.**
Florida Bar No.: 0597651
MENINA E. COHEN, ESQ.
Florida Bar No.: 014236
**COHEN & OWENS, P.A.**
Attorney for Plaintiff
3801 Hollywood Boulevard
Suite 200
Hollywood, Florida 33021
Phone 954-923-3801
Fax 954-967-2791