UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-81357-CIV-MARRA/JOHNSON

STEVEN J. PINCUS,

    Plaintiff
vs.

THE LAW OFFICES OF ERSKINE &
FLEISHER, a Florida Partnership, and
MINDY L. TARAN, individually,

    Defendants.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Defendants, The Law Offices of Erskine & Fleisher ("Erskine & Fleisher"), and Mindy L. Taran ("Taran") (collectively, "Defendants")'s Motion for Summary Judgment (DE 39), filed January 1, 2009. Plaintiff Steven J. Pincus ("Plaintiff" or "Pincus") filed a response to the motion (DE 50) and Defendants filed a reply (DE 61). The Court has carefully reviewed the motion, response, and reply, and is otherwise fully advised in the premises.

**Background**

In a prior state court proceeding, Defendants filed a lawsuit on behalf of their client, Capital One Bank, seeking to collect an alleged debt from Plaintiff arising from a personal credit card used by Plaintiff. In the state court action, the court granted summary judgment in favor of Pincus on the grounds that the suit was time-barred by the three-year statute of limitations governing oral contracts under Virginia law. Pincus incurred hundreds of hours in attorney's fees defending the state court action. Subsequently, Plaintiff filed a Complaint in this Court against Defendants, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1962, et seq, for knowingly filing a time-barred action against him.

**Standard of Review**

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  Celotex, 477 U.S. at 324.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion.  Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (citations and quotations omitted).

This Court may not decide a genuine factual dispute at the summary judgment stage.

Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983).  A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990).  However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir.1989).

**Discussion**

Defendants move for summary judgment, arguing that (1) the state court action was not time-barred and therefore did not violate the FDCPA[1] and (2) Defendants cannot be held liable

---

[1] The Court previously entered an Order and Opinion on Motion to Dismiss (DE 15), holding that Defendants were collaterally estopped from relitigating the issue of whether the state court action was time-barred, as it had already been decided in the prior lawsuit.  For the first time in this litigation, Defendants argue in a footnote to their motion that they are not collaterally estopped from arguing that the state court action was not time-barred because they are not identical to the parties named in the state court action, nor are they in privity. (Mot. at 5 n.1).  Defendants did not properly present this issue until their reply brief.  (Reply at 2-4).  The lack of analysis on the issue of identity of parties in Plaintiff's response to the motion is likely attributable to Defendants' failure to raise the argument fully in their initial brief except in a footnote.  The Court will not address Defendants' argument at this time, as it was not actually briefed until Defendants' reply.  Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.  In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009); United States v. Clark, 265 Fed. Appx. 846, 849 (11th Cir. 2008); Farrow v. West, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003).  Defendants should not be allowed to embellish an argument in a reply brief when they failed to fully raise and address the issue in their initial brief.   Such a practice unfairly impedes Plaintiff's response.
   However, the Court questions Defendants' position that they are not in privity with a party in the state court suit. See Weinberger v. Tucker, 510 F.3d 486, 492-93 (4th Cir. 2007) ("Courts have held that the attorney-client relationship itself establishes privity.") (citing Plotner v. AT & T Corp., 224 F.3d 1161, 1169 (10th Cir. 2000) (citing Henry v. Farmer City State Bank, 808 F.2d 1228, 1235 n. 6 (7th Cir. 1986)) ("The law firm defendants appear by virtue of their

for violation of the FDCPA based on the bona fide error defense.

Defendants argue that they are entitled to summary judgment because the filing of the state collection action after expiration of the statute of limitations was a bona fide error, and it is protected by the "bona fide" error defense of the FDCPA as defined by 15 U.S.C. § 1692k(c). Section 1692k(c) states as follows:

> (c) Intent
>
> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

The pertinent issues in assessing the application of the bona fide error defense are: (1) whether Defendants' error was bona fide and unintentional; and (2) whether Defendants had procedures in place reasonably adapted to avoid the error. Id.; Niven v. National Action Financial Services, Inc., 2008 WL 4190961, at *3 (M.D. Fla. 2008).

As this Court held in a prior FDCPA action, "even assuming Defendant can assert the

---

activities as representatives of Green and AT & T, also creating privity."); Henry, 808 F.2d at 1235 n. 6 ("Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of res judicata."); Verhagen v. Arroyo, 552 So.2d 1162 (Fla. 3d DCA 1989) (holding that under Florida law for the purposes of collateral estoppel, an attorney is in privity with his or her client in a previous suit when the opposing party in that action brings a subsequent suit against the attorney based in the same facts); see also Crooked Creek Properties, Inc. v. Ensley, 2009 WL 3644835, 18 (M.D. Ala. 2009) (holding that, "because the relationship of attorney-client is one of the highest agencies known to the law,"an attorney client relationship is a qualifying "special relationship" for purposes of res judicata); Stoiber v. Preboski, 2008 WL 2909855, 2 (Bkrtcy. D. Or. 2008) ("As for element 4 [of collateral estoppel – same party or in privity with party], the Defendant was in privity with Mr. Galpern in the previous matter by virtue of the attorney/client relationship and the same operative set of facts as the basis for both adversary proceedings.").
   The Court also notes that Defendants twice moved to stay this action until the state appellate court ruled on whether the state court suit was time barred, presumably because the parties in this action would be bound by that determination.  See DE 9 at 11; DE 21.

bona fide error defense, Defendant's intent or lack of intent is a question of fact which the Court is unable to determine on this record as a matter of law." Valencia v. Affiliated Group, Inc., 2008 WL 4372895 (S.D. Fla. 2008) (citing In Re Stratford, 635 F.2d 365, 368 (5th Cir. 1981) (the determination of the parties' intent is a question of fact rather than one of law).  See also Johnson v. Riddle, 443 F.3d 723, 731-32 (10th Cir. 2006) ("The jury should decide whether the bona fide error defense shields [defendant lawyer] from liability for violating the FDCPA."); Niven, 2008 WL 4190961, at *3 ("Defendant's intent and whether the error was bona fide are classic issues of fact, inappropriate for resolution on summary judgment."); Ramirez v. Palisades Collection LLC, 2008 WL 2512679, at *6 (N.D. Ill. Jun. 23, 2008) (question of reasonableness of debt collector's screening procedures regarding determination of applicable statute of limitations issue of fact for jury).  Accordingly, Defendants' motion for summary judgment must be denied.

**Conclusion**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)  Defendants' Motion for Summary Judgment (DE 39) is **DENIED**;

(2)  Plaintiff's Motion to Vacate Order Striking Plaintiff's Motion for Summary Judgment as Untimely is **DENIED**.  The Court cannot resolve the bona fide error defense at the summary judgment stage, as Defendants' intent must be determined by a jury.  See infra. Accordingly, even if the Court were to allow Plaintiff's untimely summary judgment motion, it would be denied for the reasons stated herein.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of January, 2010.

_____

copies to:  
All counsel of record

KENNETH A. MARRA  
United States District Judge